SOCIÉTÉ ANONYME DU FILTRE CHAMBERLAND SYSTÈME PASTEUR v. CONSOLIDATED FILTERS CO., Inc., et al.

(District Court, S. D. New York. January 9, 1918.)

No. 185.

1. TRADE-MARKS AND TRADE-NAMES ⬦95(1)—PRELIMINARY INJUNCTIONS—CONFLICTING AFFIDAVITS.

A preliminary injunction, restraining defendants from the use of a particular word as a trade-mark and from incorporating it in their corporate title, will not be granted, where the affidavits as to the rights of the parties were in hopeless conflict.

---

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. TRADE-MARKS AND TRADE-NAMES ☞68—USE—COMPETITION.

Where complainant, a corporation of a foreign country which manufactured "Pasteur" filter tubes, was not doing business in the United States, and defendants were not in competition with it, an injunction restraining them from the use of the trade-mark "Pasteur" will be denied, where the tubes they sold were genuine tubes manufactured by complainant, for the right in such trade-mark cases is based on the deception of the public, as in cases of unfair competition.

3. INJUNCTIONS ☞137(1)—PRELIMINARY INJUNCTION—RIGHT TO.

Where an injunction had been issued against defendant's principal, and by its terms it restrained, not only the principal, but its agents, an injunction against defendant to protect the same rights which complainant asserted in the suit against the principal will not on that ground be granted, for the first injunction extended to defendant.

4. TRADE-MARKS AND TRADE-NAMES ☞95(5)—USE OF TRADE-NAMES—RIGHT TO ENJOIN DEFENDANT.

Where defendant, by the long-continued use of a trade-name, established a reputation in business, and this was permitted by complainant, though it was entitled to restrain defendant's use of such name, complainant cannot at a later day prohibit defendant's use of the name, for that would be inequitable.

In Equity. Bill by the Société Anonyme Du Filtre Chamberland Système Pasteur against the Consolidated Filters Company, Incorporated, and others. On application for preliminary injunction. Application denied.

Ashley, Foulds & Galland, of New York City (Justin S. Galland, of New York City, of counsel), for complainant.

Wollman & Wollman, of New York City (Achilles H. Kohn, of New York City, of counsel), for defendants.

MANTON, District Judge. The complainant seeks a preliminary injunction restraining the defendants, dealers in filters and accessories, from the use of the trade-mark "Pasteur." Complainant is a French corporation not engaged in business in America, except through agency. It also seeks to restrain the defendants from using the business name of Pasteur Filter Company and Pasteur Filter Agency, claiming unfair competition in the use of such names in the telephone book, City Directory, and Telephone Red Book. The Pasteur Chamberland Filter Company of America is the licensee of complainant in the United States. Pasteur's system of filtration, and the apparatus employed therein, is what gave rise to the name; it having been invented and patented by a man named Pasteur. The apparatus designed by Louis Pasteur and Charles Chamberland is designed to carry out a filtration system, whereby the passage of microbes and other suspended matter in water and fluids generally might be prevented, and the same rendered bacteriologically sterile. For this system and apparatus, the joint names of "Pasteur Chamberland" are used and form part of the corporate name of the complainant.

A license for the manufacture and sale of this apparatus was granted to the Pasteur Chamberland Company of Dayton, Ohio, which expired on December 31, 1912, after which date the apparatus continued to be sold under said names, first by the Pasteur Filter Sales & Repair-

ing Company, a New York corporation, under a sublicense from complainant, and upon the termination thereof in May, 1916, by complainant's present licensees, the Pasteur Chamberland Filter Company of America.

Prior to the organization of the defendant Consolidated Filters Company, Incorporated, in February, 1916, the defendants Oppenheim and Lordly, in partnership, under claim of contract and authority, were engaged in selling filters and accessories manufactured by the plaintiff, and claimed authority to use these names by licenses and agreement. This, they claim, to have assigned to the Consolidated Filters Company, Incorporated. Lordly, in July, 1915, entered into a contract with the New York company, which was a sublicensee of complainant, whereby he was permitted to sell and deal in Pasteur filters and tubes, in parts of the state of New York, with authority to advertise in the City Directory and telephone book.

It is contended by complainant that whatever right was acquired under this contract, which was assigned to the Consolidated Filters Company, Incorporated, it has terminated by time expiration, and that the continuation of the use of the names is an infringement. The. defendant also makes use of the term "agent" or "representative" of the complainant on its letter heads and advertising matter, and also "sole New York representative of the Pasteur Chamberland Filter Company of Dayton, Ohio." It appears that an action was instituted in the United States District Court of Ohio against the Dayton company for infringement of its trade-mark. This action is still pending and undetermined, but a preliminary injunction has been granted, which permits the use of the name, providing the Dayton company ceases the manufacture of the apparatus.

[1, 2] The affidavits submitted on each side are irreconcilable and wholly in conflict. The defendants presented a claim of right to use this name by consent of the complainant, and also make claim of cer-. tain contract rights secured by former negotiations resulting in contracts. On a motion for preliminary injunction, I do not think the court should decide this question of fact thus presented on affidavits, but should defer it until the trial is had. The defendants present affidavits which forcibly demonstrate that the filters sold by them contained genuine tubes manufactured by the complainant, and all complainant's tubes, treated by the defendants, have been treated in accordance with the recommendations of the complainant, and no treated tubes have been sold as new, and claim that, the plaintiff not manufacturing in this country, the defendants cannot, therefore, be in competition with it. Thus it is claimed that the public has not been deceived, since the defendants sell only genuine Pasteur filters. Whether or not this claim is well founded depends again upon the determination of a question of fact presented in affidavits, which are hopelessly in conflict. If the defendants sold the genuine article, and were not in competition with the plaintiff, an injunction should not be granted (F. Gretsch Mfg. Co. v. Schoening, 238 Fed. 780, 151 C. C. A. 630), for the essence of the wrong consists in the sale of goods of one manufacturer or vendor for those of another, and this applies in trade-

mark cases as in cases of unfair competition (Hanover Star Milling Co. v. Metcalf, 240 U. S. 403, 36 Sup. Ct. 357, 60 L. Ed. 713).

The defendants further contend that the complainant has consented to and approved the use of the name Pasteur Filter Company by defendants. The truth about this should not be determined on the affidavits presented, but should be left to the trial court. There is not sufficient presented by the complainant to warrant the granting of a preliminary injunction.

[3, 4] The effect of the decision of Judge Hollister in the Dayton Company Case does not aid the complainant here; for, if the complainant is correct in saying that the defendants here are the agents of the Dayton company, and can establish that position, it has the benefit of the injunction in the Ohio court, which restrains the Dayton company and its agents, and, if wrong has been committed against the complainant by the acts or conduct of the defendants, they are subject to the prohibitions and injunctive restraints placed upon the agents of the Dayton company. It does not, however, offer reason why a preliminary injunction should be granted here. In this action, then, too, it is claimed by the defendants that the complainant, by granting licenses or by contract obligations, has permitted the use of the name Pasteur Chamberland Filter Company in corporate names and otherwise, so as to constitute such conduct as to acquiesce in the use of the word "Pasteur" and relinquish what right it may have in that name. If a reputation in business were established by the use of such tradename for a long period of time, and this permitted by the complainant, it would be inequitable to forbid its continued use, when it lay within the power of the complainant at any time to have arrested the use of the trade-name by the defendants.

However, these are all questions which I shall leave to the trial court, and deny the application for an injunction at this time.