## YALE ELECTRIC CORPORATION v. YALE & TOWNE MFG. CO.

(Court of Appeals of District of Columbia. Submitted March 10, 1926. Decided April 5, 1926. Petition for Reargument Denied April 24, 1926.)

No. 1841.

Trade-marks and trade-names and unfair competition ⚖⇒43—Registration of word "Yale" for locks and keys held to preclude another's registration of trade-mark consisting of word "Yale," inclosed in ellipse and irregular octagon, for use on electrical apparatus.

Registration of word "Yale" for use on locks and keys and various articles of hardware *held* to preclude another's registration of trade-mark consisting of word "Yale," inclosed in an ellipse and irregular octagon for use on batteries, battery cells, flash lights, and lighting outfits for Christmas trees and decorative purposes.

Appeal from the Commissioner of Patents.

Proceeding by the Yale Electric Corporation for registration of a trade-mark, opposed by the Yale & Towne Manufacturing Company. From a decision of the Commissioner of Patents, sustaining the opposition, applicant appeals. Affirmed.

W. S. Pritchard, of New York City, for appellant.

F. C. Taylor, of New York City, for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. In November, 1922, the appellant, the Yale Electric Corporation, applied for a registration of the word "Yale," inclosed in an ellipse and the whole incased in an irregular octagon, as its trade-mark for batteries, battery cells, flash lights, and lighting outfits for Christmas trees and other decorative purposes.

Thereupon the appellee, the Yale & Towne Manufacturing Company, filed an opposition to the proposed registration, based upon its use and registration of the word "Yale" for locks and keys, registered in the year 1907, and for various articles of hardware, registered severally in the years 1909, 1914, and 1922.

Testimony was introduced by the respective parties, whereupon the Examiner sustained the opposition and adjudged that applicant was not entitled to the registration. An appeal was taken to the Commissioner of Patents, who affirmed the Examiner's decision. Hence this appeal.

The record discloses that the appellee corporation and its predecessors began the manufacture of locks and keys and other hardware in the year 1868, and then adopted the word "Yale" as its trade-mark, that being the name of its founders. It has continuously ever since used the word as its trade-mark, and registered it under the 10-year user proviso of the 1905 act and the supplementary amendment of 1920 (Comp. St. Ann. Supp. 1923, § 9490). It has advertised the mark for its products, especially its locks and keys, for a long time, at great expense, and the mark has become a commercial asset of very great value.

The appellant corporation, on the other hand, was incorporated in the year 1912, under the name of "Interstate Electric Novelty Company." In 1919 its name was changed to "Franco Electric Corporation." In April, 1922, it changed its name to "Yale Electric Corporation," and began selling its products under the name of "Yale," and in November of that year it filed its present application for a registration.

Upon these facts, and the other proofs contained in the record, we are convinced that the mark sought to be registered is in substance and reality the word "Yale" alone, notwithstanding the elliptical and octagonal lines surrounding it in the drawing; that the name "Yale" is, and long has been, the salient and characteristic feature of the opposer's corporate name, and the well-known trade-mark under which it has advertised and marketed its products; that the

goods of the respective parties are in part sold in the same trade, and are sufficiently alike to probably cause confusion or mistake in the public mind, if offered for sale under the same mark. See Duro Pump & Manufacturing Co. v. California Cedar Products Co., —— App. D. C. ——, 11 F.(2d) 205, decision of this court handed down February 1, 1926.

We therefore affirm the decision of the Commissioner of Patents, sustaining the appellee's opposition.