BUICK MOTOR COMPANY and Another, Plaintiffs, *v.* BUICK USED MOTORS, INC., Defendant.

Supreme Court, New York County, May 19, 1928.

**Trade-marks and trade names — infringement — defendant has appropriated plaintiffs' trade name " Buick " for business clearly related to plaintiffs' — injunction granted.**

Defendant, who has appropriated plaintiffs' trade name " Buick " for a business clearly related to plaintiffs', should be restrained from the use of the name or representing that it is, or is connected with plaintiffs, where the likelihood of deception and confusion is so great as to dispense with the necessity of showing actual misrepresentations, and particularly in the absence of any proof that consent has been granted to the defendant.

ACTION to restrain the defendant from using the plaintiffs' trade name.

*John Thomas Smith* [*H. M. Hogan* of counsel], for the plaintiffs.

*Emanuel Morganlander*, for the defendant.

FRANKENTHALER, J.   The defendant Buick Used Motors, Incorporated, was organized in September, 1926, and commenced to sell used cars under that title without the consent or permission of the plaintiffs, Buick Motor Company and General Motors Corporation.   There is considerable evidence that in its advertising, in addition to taking advantage of the name " Buick," it imitated the Buick trade-marks.   The absence of authority from the plaintiffs distinguishes this action from the one brought by these very plaintiffs against Buick Used Car Exchange, Incorporated, decided simultaneously herewith (132 Misc. 158).   For reasons analogous to those there suggested, the plaintiffs here are entitled to injunctive relief against this defendant, who has appropriated the plaintiff's trade name for a business closely related to theirs.   The likelihood of deception and confusion is so great as to dispense with the necessity of proving actual misrepresentations.   (*Gotham Silk Hosiery Co.* v. *Reingold,* 223 App. Div. 260, 265.)   True it is that a preliminary injunction was refused by an order which was affirmed by the Appellate Division without opinion (220 App. Div. 832).   It is important to note, however, that in granting relief *pendente lite* the lower court took occasion to say: " *In view of the prior relations between these parties,* I do not think that a preliminary injunction should be granted."   (Italics mine.)   This appears to have had reference to statements in the answering affidavit of defendant's president, that plaintiffs had expressly consented to the use of the name " Buick " and that in accordance therewith he had organized the defendant corporation to deal in used Buick cars.   It now appears, however, that no consent had been granted to the defendant.   Moreover, it also developed for the first time at the trial that instead of having knowingly allowed defendant to use its corporate title for two years, as had been averred in the affidavit, the plaintiffs had in fact begun the present action in January, 1927, only four months after defendant's incorporation.   Buick Used Car Exchange, Incorporated, had, it is true, been doing business under that title for about two years, but this could not avail defendant, an entirely independent entity.   These circumstances materially change the situation presented on the preliminary motion and furnish the basis for a different determination.   The plaintiffs will accordingly be awarded the relief prayed for, viz., an injunction restraining the defendant from using the name " Buick " or representing that it is, or is connected with the Buick Motor Company.   Submit findings on notice.