## YALE & TOWNE MFG. CO. v. HABER.
### No. 7215.

District Court, E. D. New York.
July 30, 1934.

Porter & Taylor, of New York City (F. Carroll Taylor, of New York City, of counsel), for plaintiff.

David R. Haber, of New York City (Max F. Finkelstein, of New York City, of counsel), for defendant.

CAMPBELL, District Judge.

This is an action in equity brought by the plaintiff, a manufacturer of locks, keys, hardware, and other products which it identifies by the name "Yale," in which it seeks to enjoin the defendant, a hardware merchant and locksmith, from using the name "Yale Lock Service" as a trade-name for his business, and from listing such name in telephone directories, and in general from using the word "Yale" in any manner calculated to cause his business to be confused with plaintiff.

Plaintiff's solicitors in their brief say that it is concerned with protecting its rights in the word "Yale," and stands ready to waive any accounting or damages.

The facts are as follows:

Plaintiff over a period of seventy years has built up a world-wide business in locks, hardware, and other fabricated articles.

Plaintiff has for many years identified its products and its business entirely by the word "Yale."

Plaintiff has earned a widespread and enviable reputation in its field, and its goodwill which centers around the word "Yale" is of large value.

The public has come to associate plaintiff's locks and keys and other products with and to know the business itself by the name "Yale."

Plaintiff has forty men continuously engaged in traveling throughout the country, including New York City, oiling, cleaning, and, when necessary, repairing bank locks, safe deposit locks, and the like.

Plaintiff employs at least ten men at its plant at Stamford, Conn., who do nothing but repair work, and orders for such work on simple locks, door checks and the like are constantly being received from New York City and elsewhere, and are filled.

These orders for repair work come both from locksmiths and users.

When plaintiff has installed a master key system, it keeps records of the adjustments, and it endeavors to and does have its own employees make any repairs and adjustments in such systems as may be required.

Plaintiff does not maintain any repair shop in New York City, but it does receive from two to fifteen telephone calls a day relating to repairs or service. In some cases the inquirer is advised to send the article to Stamford, in rarer cases a man is sent out to do the work, and in ordinary simple cases, the inquirer is referred to some neighborhood locksmith whom plaintiff believes to be reliable and competent to do the work.

Plaintiff does not give any licenses to locksmiths to "service" or "repair" "Yale" locks. It has no agency or other contract with defendant.

Plaintiff sells "Yale" parts to locksmiths, and sells "Yale" products to dealers for resale. Such sales have been made to the defendant.

The defendant has a hardware store where he does locksmithing. He handles the products of a number of manufacturers. In December, 1933, he registered with the county clerk of New York county, a certificate adopting "Yale Lock Service" as a trade-name for his business. This name appears on his store, although he testified that the real name of his business was "Bridge Hardware Store." He lists "Yale Lock Service" as the name of his business, in the telephone directories of Manhattan, Bronx, Brooklyn, and Queens. He uses on his cards and on his bill forms the expression, "Distributors and Manufacturers Agent for Yale."

The defendant's intention in adopting "Yale Lock Service" as a trade-name was stated in his answer to be, "to attract telephone inquiries." At the trial he testified that the reason he filed the certificate was that he received a check to "Yale Lock Service" and had to file the certificate in order to get it cashed. Apparently the defendant had been using "Yale Lock Service" in the telephone books for a short time prior to registering the trade-name. The defendant has stated that he did not know that the telephone companies will not list a name in the directories unless it is the trade-name of a business, but admitted that he had recently been told so.

On the facts as found, the use of the name "Yale Lock Service" by the defendant constitutes unfair competition against the plaintiff, and should be enjoined.

The name "Yale," for which plaintiff has built up a great reputation, is a commercial asset of very large value, and plaintiff is entitled to have it protected.

The name "Yale" identifies the plaintiff and its products, and the use which the defendant makes of the word tends to deceive those dealing with it to believe that they are dealing with plaintiff, and thus the control of the name and the character of the repair work done by the defendant under the name "Yale" is not controlled by the plaintiff. This is an injury, even though the work done by the defendant may be good,

and no sales or repair work may be diverted from plaintiff. Yale Electric Corporation v. Robertson (D. C.) 21 F.(2d) 467, affirmed (C. C. A.) 26 F.(2d) 972; see Yale Electric Corporation v. Yale & Towne Mfg. Co., 56 App. D. C. 242, 12 F.(2d) 183.

Even though it be denied by the defendant, the evidence shows that plaintiff does engage in repairing its locks and hardware, and that the defendant's use of the name "Yale" would tend to unfairly divert business to defendant, and thus there is direct competition; but even if there was no direct competition, it seems clear to me that defendant's use of the name "Yale" is calculated to deceive the public. Yale Electric Corporation v. Robertson and Yale & Towne Manufacturing Co. (C. C. A.) 26 F.(2d) 972; Buick Motor Co. v. Buick Used Car Exchange, 132 Misc. 158, 229 N. Y. S. 219; Buick Motor Co. v. Buick Used Motors, Inc., 132 Misc. 156, 229 N. Y. S. 3; R. H. Macy & Co. v. Colorado Clothing Mfg. Co. (C. C. A.) 68 F.(2d) 690.

The defendant does not by the use of the name "Yale Lock Service" simply hold itself out as a concern that repairs "Yale" locks, but so uses the word that any one observing it would believe that the servicing was done by plaintiff, and the following cases cited by defendant are not in point: Standard Oil Co. v. California Peach & Fig Growers (D. C.) 28 F.(2d) 283; Bourjois & Co. v. Katzel, 260 U. S. 689, 43 S. Ct. 244, 67 L. Ed. 464, 26 A. L. R. 567; Gorham Mfg. Co. v. Emery-Bird-Thayer Dry Goods Co. (C. C.) 92 F. 774; Vitascope Co. v. United States Phonograph Co. (C. C.) 83 F. 30.

Even though the defendant may be engaged in selling products made by plaintiff, it is not justified in holding itself out as repairing or servicing, under a name which would tend to deceive the public, into the belief that the servicing or repairing was done by plaintiff, which is the effect of using the name "Yale Lock Service," and the following cases cited by defendant are not in point: Société Anonyme du Filtre Chamberland Système Pasteur v. Consolidated Filters Co. (D. C.) 248 F. 358; Russia Cement Co. v. Frauenhar (C. C. A.) 133 F. 518.

Of course, defendant may advertise that it repairs Yale locks, but must do so in a way not calculated to deceive the public into the belief that the business conducted by it is conducted by plaintiff.

Plaintiff has been active in the protection of its rights to the name "Yale," and although it may be argued that defendant's use is a local one, and not of much injury, the fact remains that the advertisement of the name in the telephone books of the four largest boroughs of the city of New York is bound to attract business to the defendant by virtue of the good will of the plaintiff built up under its name "Yale."

The motive of the defendant in adopting such name was unquestionably to derive an advantage from the plaintiff's name "Yale," by attracting business to defendant, in the belief by the public that the business was connected with plaintiff.

However, whatever may have been the motive when the name was adopted, the advertisement of the same shows a purpose to capitalize the name to the detriment of the plaintiff and for the benefit of the defendant. Whatever the motive, that is the effect.

The defendant has no agency or other contract with plaintiff, and has no right to hold itself out as "Distributors and Manufacturers Agent for Yale," although of course it has the right to advertise the goods it sells.

The court has jurisdiction, as the amount involved is far in excess of the statutory amount. Wisconsin Electric Co. v. Dumore Co. (C. C.) 35 F.(2d) 555, 556.

The plaintiff is entitled to a decree against the defendant, with an injunction enjoining and restraining the defendant Charles L. Haber, his attorneys, agents, clerks, or servants, from using the name "Yale Lock Service," or any other name containing the word "Yale," as his tradename or the name of his business, or from describing his business as "Yale Lock Service" in telephone directories, or from using the term "Manufacturers Agent for Yale," or from using the word "Yale" in any manner calculated to cause the defendant's business to be confused or mistaken for the business of the plaintiff, with costs, and, if not waived by plaintiff, to an accounting and the usual order of reference and damages.

A decree may be entered in accordance with this opinion. Settle decree on notice.

Submit proposed findings of fact and conclusions of law in accordance with this opinion, for the assistance of the court, as provided by rule 70 1/2 and rule 11 of the Equity Rules (28 USCA § 723) of this court.