## FORD MOTOR CO. v. HELMS et al.
## No. 95.

District Court, E. D. New York.
Dec. 20, 1938.

Hurd, Hamlin & Hubbell, of New York City (Edward E. Weadock and Henry M. Noe, both of New York City, of counsel), for the motion.

Frederick A. Wiehl, of New York City, opposed.

BYERS, District Judge.

This is a motion for a temporary injunction touching the display by defendants of a large vertical neon sign over the street in front of their building, reading "Ford" in block letters; extending laterally and inward therefrom in letters somewhat smaller is the word "Repairs". Whether the latter addition is a neon sign does not clearly appear, although the moving affidavit says "the qualifying words cannot be illuminated at night".

Under the word "Repairs" on the lateral arm, the sign contains the following: "We Repair Ford Cars And do not Act as Authorized Dealers."

The latter phrase is visible by daylight, but is obviously subordinate to the original sign and, because of its relative insignificance compared with the Ford sign, might well escape the attention of all but the most alert of intending customers.

Apparently the horizontal display was added shortly prior to the institution of this cause, and in response to plaintiff's protests communicated to the defendants by attorneys for plaintiff.

The motion is resisted on the ground that a trial may be had in this court at an early date, and that the defendants' enterprise is not so conducted as to give rise to unfair competition with the plaintiff.

The plaintiff seeks to protect its recognized good-will and trade-marks from the loss that might come to it through the false assumption by the owners of cars of its manufacture, that the defendants maintain an authorized "service station" where repairs upon Ford cars are made by those who have been selected by the plaintiff as competent to do that; and where authentic parts of the plaintiff's manufacture are used for necessary replacements.

For the defendants, it is not denied that there is a recognized status generally accorded to service stations which specialize in repairs to Ford cars, as also with reference to automobiles of other manufacture.

Common knowledge would speedily devitalize any such denial.

The integrity of such service stations is important alike to the users and to the manufacturers of any well-known make of cars, and consequently the interests of the latter are at stake in the preservation of that integrity.

It is equally clear that the defendants have the right to repair cars of the plaintiff's and others' manufacture, and to tell the public that such is their calling. But they may not do it under any guise which would create or reasonably tend to create the impression that they repair Ford cars only (if that is not the truth— and it was said not to be by their attorney at argument) as a Ford service station; or that they are authorized dealers in Ford cars.

Plaintiff's Exhibit "B" is a photograph showing the defendants' place of business, and the signs of which an attempted description has been given. The word "Ford" is the striking display, and the word "Repairs" is prominent, perhaps adequately so if illuminated during the hours of darkness.

The other words are relatively obscure and are not so displayed as to be consistent with the good-faith asserted for the defendants.

It is concluded that the plaintiff need not await the outcome of the trial to protect its clear interest in and responsibility for the proper maintenance of service stations selected, supervised and equipped as to parts by it, but may have a temporary injunction, upon giving $1,000.00 security, to the following effect:

1. The defendants are to be enjoined from displaying the word "Ford" alone in any sign whatever.

2. The defendants are to be enjoined from using the word "Ford" in any sign in which the qualifying phrase "We do not act as authorized dealers, or conduct a Ford authorized service station." does not appear in letters which are as large and as visible at all times, as any other letters appearing upon the sign.

It is suggested that one sign of uniform sized letters, reading: "Repairs made to Ford and other cars—not an authorized service station", would be fair to both parties.

Settle order.