**VOLKSWAGENWERK AKTIENGE-SELLSCHAFT, Plaintiff,**

v.

**Douglas D. CHURCH, doing business as Modern Specialist, Defendant.**

**Civ. A. No. 64–451–S.**

United States District Court
S. D. California,
Central Division.

June 20, 1966.

628

Lawler, Felix & Hall, Leslie C. Tupper, Los Angeles, Cal., for plaintiff.

Robert N. Cleaves, Los Angeles, Cal., for defendant.

## DECISION

TAVARES, District Judge.

Plaintiff, a German corporation, is the manufacturer of the Volkswagen line of automobiles; defendant operates an automobile repair shop in Southern California, as a sole proprietor, specializing in work on Volkswagen and Porsche cars. Plaintiff claims that defendant is guilty of infringing its trademarks and of unfair competition.

The jurisdictional allegations are based primarily on the "Lanham" Trademark Act of 1946, 15 U.S.C. § 1051 and following. The Lanham Act was intended to regulate all of that "commerce" that is within the control of Congress: 15 U.S.C. § 1127, last sentence. It provides a federal cause of action for infringement of registered trademarks, and for unfair competition in the use of registered trademarks: 15 U.S.C. §§ 1114–1121, 1126(h). It provides similar protection to trade names or commercial names, whether or not registered, and whether or not they form part of trademarks: 15 U.S.C. § 1126(g).

The District Courts have original jurisdiction of any civil action arising under any act of Congress relating to patents, copyrights, and trademarks: 28 U.S.C. § 1338(a). They also have original jurisdiction of any civil action asserting a claim of unfair competition, when joined with a substantial and related claim under the copyright, patent, or trademark laws, by virtue of 28 U.S.C. § 1338(b), known as the pendent-jurisdiction statute. The latter statute will sustain federal jurisdiction of a cause of action for unfair competition arising under state law, when such cause of action is joined with a substantial and related claim under the copyright, patent or trademark laws: Ramirez & Feraud Chili Co. v. Las Palmas Food Co., (S.D. Cal.1956), 146 F.Supp. 594, 603, affirmed (9 Cir. 1957), 245 F.2d 874, Cert. denied, 1958, 355 U.S. 927, 78 S.Ct. 384, 2 L.Ed.2d 357.

The jurisdiction of the District Courts in such cases exists without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties: 15 U.S.C. § 1121.

Apparently the law of the Ninth Circuit is that the Lanham Act, and specifically 15 U.S.C. § 1126(h) provides a federal cause of action for unfair competition generally (if such competition affects interstate commerce), and independent of any related claim under the copyright, patent or trademark laws; the cases of Stauffer v. Exley (9 Cir. 1950), 184 F.2d 962, and Pagliero v. Wallace China Co., (9 Cir. 1952), 198 F.2d 339, are to this effect, although this conflicts with the Second and Third Circuits: American Auto Association v. Spiegel (2 Cir. 1953), 205 F.2d 771, Cert. denied, 346 U.S. 887, 74 S.Ct. 138, 98 L.Ed. 391, and L'Aiglon Apparel v. Lana, Lobell (3 Cir. 1954), 214 F.2d 649.

Two district court judges in California have declined to follow their court of appeals in the *Stauffer* and *Pagliero* cases, claiming that the statements in those cases are dicta. In the *Ramirez* case, in which the opinion of Judge Mathes was adopted in its entirety by the Court of Appeals for the Ninth Circuit, Judge Mathes says flatly:

"* * * no federal cause of action is given by the [Lanham] Act for unfair competition generally." 146 F. Supp. 594 at 603.

That holding was followed in Panaview Door and Window Co. v. Van Ness (S.D. Cal.1954), 124 F.Supp. 329.

But the latest Ninth Circuit cases ignore the *Ramirez* and *Panaview* cases, and reiterate the position taken in *Stauffer* and *Pagliero*: "In holding that under the Lanham Act (15 U.S.C.A. § 1126) there had been created a substantive federal law of unfair competition wherever interstate commerce was involved, the Ninth Circuit differs from other circuits. Stauffer v. Exley, 9 Cir. 1950, 184 F.2d 962; Pagliero v. Wallace China Co., 9 Cir. 1952, 198 F.2d 339; * * *." Neal v. Thomas Organ Co. (9 Cir. 1963), 325 F.2d 978, at 983–984, Cert. denied, 379 U.S. 828, 85 S.Ct. 55, 13 L.Ed.2d 37. See also Bliss v. Gotham Industries, Inc., (9 Cir. 1963), 316 F.2d 848.

■ In the case at bar, however, it is clear that the jurisdiction of this court has properly been invoked because the cause of action for unfair competition is joined with a substantial and related claim of alleged infringement of registered trademarks and service marks. "Once properly obtained, jurisdiction of the one cause of action, the alleged infringement of the trade-mark, persists to deal with all grounds supporting it, including unfair competition with the marked article." Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 305 U.S. 315, at 324–325, 59 S.Ct. 191, 196, 83 L.Ed. 195.

Here plaintiff has also invoked the diversity jurisdiction of this court pursuant to 28 U.S.C. § 1332.

■■ It seems fairly well settled in the Ninth Circuit that federal law should be applied to the issue of infringement of registered trademarks, but that state law should be applied to the claim of unfair competition, where diversity is one basis for jurisdiction. "* * * the rule of Erie v. Tompkins [304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188] is applicable to the *unfair competition* issue raised under 1338(b) even though federal law is applicable to the 'related claim under the copyright, patent or trademark laws.'" Kemart Corp. v. Printing Arts Research Lab., Inc. (9 Cir. 1959), 269 F.2d 375, 389; followed in Bliss v. Gotham Industries, Inc. (9 Cir. 1963), 316 F.2d 848, in which the court said, at page 853:

"* * * Kemart being a diversity case, local law would apply regardless of whether the claim for unfair competition was 'appended (by virtue of 28 U.S.C.A. 1338(b)) to its claim arising under the patent laws' or stood alone in the complaint."

*Kemart* was also followed in Neal v. Thomas Organ Co. (9 Cir. 1963), 325 F.2d 978, 983–984.

Plaintiff is the owner of three registered trademarks: the word "Volkswagen;" the encircled "VW" emblem, which consists of the letters "V" and "W" in superimposed relationship, framed by, and in contact with a circle; and the initials "VW." Plaintiff's right to these trademarks has become incontestible (15 U.S.C. §§ 1065, and 1115) unless, as defendant contends, the word "volkswagen" is a common descriptive name. Defendant also denies infringement of plaintiff's trademarks, and denies unfair competition.

■ Defendant makes a plausible argument that the word "volkswagen" is generic or descriptive and that therefore plaintiff can't acquire an incontestible right to the use of that term. 15 U.S.C. § 1065(4) provides that:

"* * * no incontestible right shall be acquired in a mark which is the common descriptive name of any article or substance, patented or otherwise."

And in California, at least, foreign words are translated into their English equivalents before making the determination of whether the term is descriptive. Italian Swiss Colony v. Italian Vineyard Co. (1910) 158 Cal. 252, 110 P. 913, 32 L.R.A.,N.S., 439.

■ But here the evidence is clear that plaintiff's use of the term "volkswagen" descriptive though it may be, has given the term a secondary meaning. Plaintiff applies the term to its entire line of vehicles, including trucks. Many of plaintiff's vehicles do not fall into the category of a cheap, popular car, or "peoples' car." The evidence also shows

that plaintiff has spent immense sums in advertising and promotion of the term "volkswagen" in connection with its products and that the public identifies the plaintiff and its United States subsidiary in connection with that term. Accordingly, this Court finds that defendant is not free to make unlimited use of the term Volkswagen, and that the plaintiff is entitled to what protection the law affords against the use of its trademarks.

■ There is no real dispute regarding the law applicable to this case. Certainly the defendant has the right to inform the public that he specializes in repairing Volkswagen cars; but the crucial point is that he may not do so in such a manner as to mislead the public into believing that he is part of the plaintiff's organization.

The rule is well stated in Yale & Towne Mfg. Co. v. Haber (E.D.N.Y.1934), 7 F.Supp. 791, 792:

> "Of course, defendant may advertise that it repairs Yale locks, but must do so in a way not calculated to deceive the public into the belief that the business conducted by it is conducted by the plaintiff."

Whether the defendant here has used plaintiff's name in a manner calculated to deceive the public is a question of fact. Although the Court has carefully considered the many cases cited by counsel for both parties, precedents are not of much help in deciding an issue of this kind.

> "It is elementary that in the decision of a case of this kind, involving the question of confusing similarity, each case must stand on its own facts, and prior decisions are of little assistance." Fleischmann Distilling Corp. v. Maier Brewing Company (9 Cir. 1963), 314 F.2d 149, 160.

■ The evidence reveals that for more than three years prior to filing suit, the plaintiff directed a series of objections to the defendant concerning the defendant's advertising, and the defendant made various efforts to adjust to the plaintiff's demands. The plaintiff contends that defendant "dragged his feet" in connection with the changes he did make, and claims that this is some indication of bad faith on the part of the defendant; however, the Court finds that the defendant made reasonable efforts to accommodate the plaintiff and to adjust his advertising to meet the plaintiff's objections. It is not necessary to review in detail the changes made by the defendant in his attempts to satisfy the plaintiff; it will be sufficient to describe the points of ultimate disagreement between the parties. Essentially the plaintiff claims that the phrase "Volkswagen Service" has acquired a secondary meaning and that the plaintiff should have the exclusive right to its use, either alone or in combination with other words. Plaintiff also asserts an exclusive right to the use of a silhouette of the most widely known Volkswagen vehicle. Defendant denies the foregoing points and takes the position that he adequately distinguishes his business from the plaintiff's organization, by giving reasonable prominence to the word "Independent," and by not using the plaintiff's encircled VW symbol nor plaintiff's distinctive colors or style of printing. The evidence before this Court, as well as reason and authority, support the defendant's position here.

The evidence is clear that there is a widespread practice, at least in southern California, among businesses that service Volkswagen vehicles, to identify those that are part of the plaintiff's organization, by the use of the word "Authorized," and also by liberal use of the encircled VW emblem; and to identify those that are not part of plaintiff's organization, by use of the word "Independent."

[11] ■ requires a remarkable degree of uniformity from its dealers, with regard to the construction and layout of their facilities, size, location and colors of their signs, and the style of lettering for their signs and printed advertising of all kinds. This makes it easier to distinguish plaintiff's dealers

from those not connected with the plaintiff. The defendant has carefully avoided using the colors or style of lettering adopted by the plaintiff, and has avoided the use of plaintiff's encircled VW emblem. His premises do not resemble those of plaintiff's dealers, and the Court finds that defendant has not attempted to give the appearance or impression that his business is part of plaintiff's organization.

In the landmark case of Dodge Bros. v. East (E.D.N.Y.1925), 8 F.2d 872, 876, the Court said:

"* * * deception may arise where there has been an intentional appropriation and use by one concern of another's 'commercial signature,' or distinctive and sufficiently extensively advertised business sign, apart, of course, from the mere correct name of an article manufactured. It seems to me, therefore, that the real difficulty presented by this case arises from the failure to distinguish between a name of an article and a distinctive method of advertising same, adopted by its maker."

Here the defendant has carefully avoided using the plaintiff's commercial signature. The defendant also gives adequate prominence to the term "Independent" in connection with every use of the name Volkswagen.

Plaintiff complains of the following practices of the defendant:

(a) Maintaining a sign on his building reading:

"Independent - Volkswagen - Porsche Service."

(b) Using a business card and service order forms which include the phrase "Modern Specialist - Independent Volkswagen - Porsche Service."

(c) Authorizing advertisements in the classified section of the Long Beach Telephone Directory which include the phrase "An Independent Volkswagen & Porsche Service Center," together with a line drawing of a Volkswagen car.

(d) Procuring and distributing to customers a litter bag, the printing on which includes the phrase "Modern Specialist - Independent Volkswagen - Porsche Service".

(e) Procuring and distributing to customers paper hand towels bearing the inscription "Modern Specialist - Independent - Volkswagen - Porsche - Servicing" in blue letters on a white background.

(f) Distributing to customers a pencil bearing the inscription "Modern Specialist - Independent VW - Porsche Service."

(g) Distributing to customers a ball-point pen bearing the inscription "Modern Specialist - Independent VW - Porsche Service."

(h) Maintaining on a service truck used in the business a sign bearing the inscription "Independent Volkswagen & Porsche Servicing."

Plaintiff would not object to defendant using the phrase "Service for Volkswagen cars" in his advertising, but objects to defendant using the phrase "Independent Volkswagen Service."

It appears to the Court that the phrase "Independent Volkswagen Service," that is actually used by the defendant, more clearly distinguishes his business as independent of plaintiff's organization than does the phrase "Service for Volkswagen cars" which is acceptable to the plaintiff. In any event, defendant is not required to use a form of wording devised by the plaintiff; defendant is simply required to avoid misleading. the public into believing that his business is connected with the plaintiff.

Plaintiff claims that the word "Independent" does not tend to distinguish defendant's business from plaintiff's dealers because, it argues, its dealers also run independent businesses. But the plaintiff's own evidence shows beyond a doubt that the plaintiff exercises extensive control over many aspects of its dealers' operations, and that its goal is a rather complete uniformity among its dealers, especially in connection with the appearance they present to the public.

■ Nor does the defendant's current use of the Volkswagen silhouette infringe the plaintiff's rights. Plaintiff has not registered the silhouette as a trademark, but argues that it is interchangeable with the word Volkswagen. It is true that words and pictures are often treated as being interchangeable in the field of trademark law. See Mershon Co. v. Pachmayer, (9 Cir. 1955), 220 F.2d 879, Certiorari denied, 350 U.S. 885, 76 S.Ct. 139, 100 L.Ed. 780, and In re Dutch Maid Ice Cream Co., 95 F.2d 262, 263, 25 CCPA, Patents, 1009. But for that very reason the defendant may utilize the silhouette or a photograph of the car (or cars) whose repair is his specialty, just as he may utilize the word "Volkswagen," always providing that such use is not deceptive or misleading.

Plaintiff complains of defendant's advertisement in the classified section of the Long Beach, California, telephone directory, which is attached as Exhibit "A".

**Exhibit "A"**

The Court finds that the advertisement complained of adequately identifies the defendant as independent of the plaintiff's organization, and does not give undue emphasis or prominence to the word Volkswagen nor to the Volkswagen silhouette.

■ Plaintiff also objects to the phrase "Complete stock factory parts." The evidence shows that the defendant obtains parts from the same factory that produces Volkswagen parts for plaintiff's authorized dealers, and therefore the statement in the advertisement is cor-

rect. Having clearly identified his business as independent, it is understandable that the defendant would want to assure the public that he had a "modern fully-equipped shop," and a "complete stock [of] factory parts." Plaintiff has not shown that these statements are untrue, and in any event, they are not given undue emphasis.

The paper hand towels that defendant gives away to his customers, probably could be considered to have blue lettering on a white background, but the lettering is a very dark blue, actually a Navy blue, and is unlike the lighter shade of blue that plaintiff has adopted as part of its commercial signature. Nor is the lettering on the hand towels done in the style adopted by the plaintiff for its dealers. The defendant received one order of paper hand towels that did bear plaintiff's encircled VW emblem, but defendant concedes that he has no right to utilize those hand towels, and there is no evidence that he has made use of them.

The precedents cited by the plaintiff contain correct statements of law, but the facts of those cases are markedly different from the facts before this Court. The cases cited by the plaintiff invariably involve blatant attempts by the defendants to deceive the public into believing that the defendants were part of the plaintiffs' organizations. In the case of Volkswagenwerk G.m.b.H. v. Frank (D.Colo.1961), 198 F.Supp. 916, the defendant displayed huge signs containing the encircled VW emblem. He told customers that he was an authorized dealer in new Volkswagen vehicles, and ran newspaper ads which were designed to create the impression that he was a Volkswagen dealer.

In Dodge Bros. v. East, supra, (E.D. N.Y.1925), 8 F.2d 872, the defendant used the plaintiff's commercial signature; he used the exact color combinations, and the distinctive style of lettering that had been adopted by the plaintiff, including the letter "E" in the word "Dodge" having its middle stroke carried out slightly beyond the upper and lower stroke.

In Yale & Towne Mfg. Co. v. Haber, supra (E.D.N.Y.1934), 7 F.Supp. 791, 792, the court found that:

"The defendant does not by the use of the name 'Yale Lock Service' simply hold itself out as a concern that repairs 'Yale' locks, but so uses the word that anyone observing it would believe that the servicing was done by plaintiff * * *."

Ford Motor Co. v. Helms (E.D.N.Y. 1938), 25 F.Supp. 698, involved only the sign on defendant's premises; the largest word on the sign was "Ford." It also contained the phrase "We Repair Ford Cars And do not Act as Authorized Dealers," With reference to that phrase, the court found (at page 699):

"The latter phrase is visible by daylight, but is obviously subordinate to the original sign and, because of its relative insignificance compared with the Ford sign, might well escape the attention of all but the most alert of intending customers.

* * * * * *

"The other words are relatively obscure and are not so displayed as to be consistent with the good-faith asserted for the defendants."

In Lincoln Motor Co. v. Lincoln Automobile Co., (N.D.Ill.1930), 44 F.2d 812, the defendant opened a place of business across the street from an authorized Lincoln dealer and deliberately adopted a corporate name confusingly similar to the plaintiff's name. The defendant prominently advertised and displayed its name, and there was considerable evidence of actual confusion by members of the public.

In Ford Motor Co. v. Benjamin E. Boone, Inc. (9 Cir. 1917), 244 F. 335, 338–339, the Court said:

"The defendants used plaintiff's trade-mark after the manner of a regular Ford agency. They falsely and with the intent to deceive advertised that they were 'Ford agents,' and that they are a 'Ford auto agency,' and for the same purpose they have fraudulently represented to prospective purchas-

ers of Ford cars that they were 'Ford agents.' Admittedly they resorted to these practices for the purpose of deceiving, and there can be no question that the means employed were well adapted to that purpose."

In Volkswagenwerk Aktiengesellschaft v. Volks City, Inc., Civil No. 463–64, D.N.J., June 22, 1964, affirmed 348 F.2d 659, (3 Cir. 1965) the defendant:

" * * * advertised 'Factory-Fresh 1964 Volkswagens' and 'brand new 1964 Volkswagens' although there has been a substantial showing that it does not have either factory fresh or brand new Volkswagens. It advertised a '12-month or 12,000-mile guarantee' immediately above 'Only a Reliable New Car Dealer Can Make Such a Deal' although the manufacturer provides no such gurantee (sic) and defendant is an authorized new car dealer only for 'Simca' and not for Volkswagen automobiles. The only 'deals' mentioned in the advertisement were for Volkswagens. It has also advertised that it has cars which have 'just arrived from Wolfsburg, Germany,' Wolfsburg being the location of plaintiff's factory, although there has been a substantial showing that it has no cars which have arrived directly from Wolfsburg."

In Volkswagenwerk Aktiengesellschaft v. Jerry Rollins, d/b/a Guaranteed Motors, Civil No. 1437, W.D.Texas, June 29, 1964 (unreported), the defendant had given undue emphasis to the word Volkswagen, and made no attempt to distinguish its business from that of the plaintiff, either by using the word "Independent," or in any other manner.

The defendant in Volkswagenwerk Aktiengesellschaft v. Bryn Mawr Volkswagen, Inc., et al, Civil No. 26,935, E.D. Pa., July 13, 1960 (unreported), claimed the right to display plaintiff's trademarks, including the encircled VW emblem, by virtue of certain contractual arrangements that have no application here.

Therefore, it is the finding and conclusion of this Court that none of the practices of the defendant that have been previously enumerated, either individual-

ly or collectively, infringe any rights of the plaintiff, and that the complaint be, and the same is, hereby dismissed; each party to bear its own costs.

Defendant will prepare and submit proposed Findings of Fact and Conclusions of Law in accordance with the foregoing decision.