**VOLKSWAGENWERK AKTIENGE-SELLSCHAFT, Appellant,**

v.

**Douglas D. CHURCH, doing business as Modern Specialist, Appellee.**

**No. 22071.**

United States Court of Appeals Ninth Circuit.

May 7, 1969.

Marcus Mattson (argued), and Leslie C. Tupper, of Lawler, Felix & Hall, Los Angeles, Cal., Herzfeld & Rubin, New York City, for appellant.

Robert N. Cleaves (argued), Los Angeles, Cal., for appellee.

Before DUNIWAY and ELY, Circuit Judges, and VON DER HEYDT *, District Judge.

VON DER HEYDT, District Judge:

This is an action for trademark infringement and unfair competition, brought by appellant Volkswagenwerk Aktiengesellschaft (hereafter "Volkswagen").

In 1958 appellee Church opened an automobile repair business in Long Beach, California. Although in no way connected with appellant or with appellant's wholly-owned subsidiary, Volkswagen of America, Inc., he specialized in the repair of Volkswagen and Porsche vehicles, taking as his trade name "Modern Volkswagen Porsche Service."

This continued to be his trade name until 1960, during which year, in response to objections from appellant, he changed it to "Modern Specialist."

At various times, also in response to appellant's demands, Church incorporated the word "Independent" into various phases of his advertising, in order to distinguish his business from those of Volkswagen's authorized or franchised dealers. Thus he began using this term on his business cards in 1960, in his telephone directory advertisements in 1962, on his truck and on various "giveaways"

such as matchbooks, pencils, paper towels, etc., in 1963. A large sign on the front of his premises continued to read "Modern Volkswagen Porsche Service" until after the complaint in this action was filed in 1964, when it was changed to "Independent Volkswagen Porsche Service." At about the same time Church began to use the word "Independent" on his repair order forms.

The word "Volkswagen" and the initials VW are registered trademarks of appellant, as is the familiar encircled "VW" emblem. Volkswagen advertises extensively concerning the service available from its franchised dealers, which it commonly refers to in these advertisements as "Volkswagen Service" or "VW Service." Volkswagen contends here, as it did at trial, that Church's many uses of these phrases, though qualified by the term "Independent", are infringements of its registered trademarks "Volkswagen" and "VW." It further contends that "Volkswagen Service" and "VW Service", although not registered marks, are terms which have acquired secondary meanings, through use in appellant's advertising and otherwise, and are so associated in the public mind with Volkswagen and its franchised affiliates that their use by Church constitutes unfair competition.

The court below, sitting without a jury, found that while Church's early use of the word "Volkswagen" as part of his business name was unlawful, none of his subsequent practices infringed Volkswagen's rights, primarily because Church's extensive use of the word "Independent" sufficiently distinguished his business from those affiliated with appellant. The District Court also found that the terms "Volkswagen Service" and "VW Service" did not belong exclusively to Volkswagen, but have "come to mean in the mind of the public only that the advertiser services Volkswagen vehicles." (Finding of Fact No. 35.) Volkswagen

---

* Hon. James A. von der Heydt, United States District Judge, District of Alaska, sitting by designation.

contends that these findings, and the conclusions based thereon, are erroneous.

■ It is not disputed that Church may specialize in the repair of Volkswagen vehicles. He may also advertise to the effect that he does so, and in such advertising it would be difficult, if not impossible, for him to avoid altogether the use of the word "Volkswagen" or its abbreviation "VW," which are the normal terms which, to the public at large, signify appellant's cars. *Cf.* Dodge Bros. v. East, 8 F.2d 872, 876–877 (E.D. N.Y.1925). But these terms are not public property; they are registered trademarks. The goodwill inherent in them is Volkswagen's property. If another uses the marks in a manner which tends to deceive the public, Volkswagen is entitled to protection. Mershon Co. v. Pachmayr, 220 F.2d 879, 883 (9th Cir. 1955). Although he may advertise to the public that he repairs appellant's cars, Church must not do so in a manner which is likely to suggest to his prospective customers that he is part of Volkswagen's organization of franchised dealers and repairmen. Ford Motor Co. v. Helms, 25 F.Supp. 698 (E.D.N.Y.1938); Yale & Towne Mfg. Co. v. Haber, 7 F. Supp. 791, 792 (E.D.N.Y.1934); see Dodge Bros. v. East, *supra*, 8 F.2d at 877.

■ The question of whether Church's business was adequately distinguished from appellant's is one of fact. Each case of this type must be decided on its own facts, *see* Fleischmann Distilling Corp. v. Maier Brewing Co., 314 F.2d 149, 160 (9th Cir. 1963).

■ In this case, on the basis of all of the facts and circumstances, we hold that the factual determinations of the District Court were not clearly erroneous. We cannot, therefore, overturn the decision that, in the light of the particular circumstances, Church's prominent use of the word "Independent" whenever the terms "Volkswagen" or "VW" appeared in his advertising was sufficient to distinguish his business to the eye of the customer " 'exercising that care, caution and power of perception which the public may be expected to exercise in the matter which it has in mind.' " National Van Lines v. Dean, 237 F.2d 688, 692 (9th Cir., 1956), quoting American Automobile Ass'n v. American Automobile Owners' Ass'n, 216 Cal. 125, 13 P.2d 707, 710, 83 A.L.R. 699 (1932). It was appropriate for the District Court to weigh all of the pertinent factors. The size, style and appearance of the advertising articles and displays were among these factors. Another was the fact that Church did not use Volkswagen's distinctive lettering style or color scheme, nor did he display the encircled "VW" emblem. Under this view of the case, we need not reach the question whether the phrases "Volkswagen Service" and "VW Service" have become so identified in the public mind with appellant that their use by others constitutes unfair competition.

■ Volkswagen further contends that the trial court erred in failing to enjoin Church's unlawful past practice of using "Volkswagen" as part of his business name, although he had abandoned this usage at the time of trial. There is little or no evidence in the record casting doubt on Church's good faith abandonment of this infringement, or indicating that it will be resumed, and thus we are unable to say that the District Court erred in refusing such an injunction. Fram Corp. v. Boyd, 230 F.2d 931, 934 (5th Cir. 1956).

The judgment is affirmed.