The COCA–COLA COMPANY, a corporation, Plaintiff,

v.

Jack CAHILL, an Individual, d/b/a Dairy Maid and/or Cahill's Dairy Maid, and Triple "AAA" Company, a corporation, Defendants.

Civ. No. 71–269.

United States District Court,
W. D. Oklahoma,
Civil Division.

June 30, 1972.

See also, D.C., 330 F.Supp. 354.

John W. Swinford, Oklahoma City, Okl., Fred G. Stowers, Julius R. Lunsford, Jr., Atlanta, Ga., for plaintiff.

John B. Ogden, Oklahoma City, Okl., for defendants.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

Plaintiff, The Coca-Cola Company, a corporation, brings this Trademark Infringement and Unfair Competition action against the Defendants Jack Cahill and Triple "AAA" Company, a corporation. Jurisdiction is present pursuant to 15 U.S.C.A. § 1051 et seq. and 28 U.S.C.A. § 1338. Plaintiff is the owner of valid registered trademarks under the laws of the United States and the State of Oklahoma for "Coca-Cola" and "Coke". Plaintiff claims infringement and unfair competition by Defendants by the manufacture and marketing of a soft drink beverage similar to that of Plaintiff which is called "Tacola" and/or "Tacola Cola".

Defendant Cahill operates a drive-in type facility in Guthrie, Oklahoma and handles, sells and markets the soft drink beverage manufactured and marketed by the Defendant Triple "AAA" Company under the names of "Tacola" and/or "Tacola Cola". A Final Judgment by Consent has been entered herein as to the Defendant Cahill by which he has

been enjoined from passing off any product not the Plaintiff's or orders for "Coca-Cola" or "Coke" without verbal notice to a customer ordering "Coca-Cola" or "Coke" that he is being sold a product other than the same and has been enjoined from infringing upon the trademarks and trade rights of Plaintiff and from the commission of any acts of trademark infringement and unfair competition against the Plaintiff. After the entry of such Consent Judgment, the case proceeded to non-jury trial against the Defendant Triple "AAA" Company.

In 1968 the Defendant Triple "AAA" Company, as an authorized wholesaler for Plaintiff, discontinued purchasing from Plaintiff and thereafter commenced manufacturing a similar beverage which it has marketed and sold under the name of "Tacola" and/or "Tacola Cola". Said Defendant uses a red and white color scheme in its advertising of its cola beverage as does Plaintiff and some lettering is of the script type (the word "Cola" as used with "Tacola") as used by Plaintiff in its trademark "Cola-Cola".

■ Unfair competition originated at common law and is controlled by the law of the State in which the action arose. 87 C.J.S. Trade-Marks, etc. § 87, p. 314; Volkswagenwerk Aktiengesellschaft v. Church, 256 F.Supp. 626 (S.D.Cal.1966) aff'd 411 F.2d 350 (Ninth Cir. 1969). Oklahoma cases recognizing actions for unfair competition are National Nu Grape Co. v. Guest, 164 F.2d 874 (Tenth Cir. 1947) cert. den. 333 U.S. 874, 68 S. Ct. 903, 92 L.Ed. 1150; Reynolds & Reynolds Co. v. Norick, 114 F.2d 278 (Tenth Cir. 1940) and Western Auto Supply Co. v. Knox, 93 F.2d 850 (Tenth Cir. 1937).

■ 87 C.J.S. Trade-Marks, etc. § 92, p. 325 outlines the essential elements of unfair competition by stating:

"In order to make out a case of unfair competition it is not necessary to show that any person has been actually deceived by the defendant's conduct, it being sufficient to show that such deception will be the natural and probable result of his acts, but either actual or probable deception must be shown, the true test of unfair competition being whether the defendant's acts are such as are calculated to deceive the ordinary buyer making his purchases under the ordinary conditions which prevail in the particular trade to which the controversy relates."

■■ Unfair competition is broader than the law of trademarks which now is merely a branch of the broader doctrine of unfair competition. 87 C.J.S. Trade-Marks, etc. § 19, pp. 254–256. Generally the same facts must be proved in each instance, G. Leblanc Corporation v. H. & A. Selmer Inc., 310 F.2d 449 (Seventh Cir. 1962), cert. den. 373 U.S. 910, 83 S.Ct. 1299, 10 L.Ed.2d 412; Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 305 U.S. 315 at p. 325, 59 S.Ct. 191, 83 L.Ed. 195 (1939); Atlantic Monthly Co. v. Frederick Ungar Publishing Co., 197 F.Supp. 524 at p. 529 (S.D.N.Y.1961), however, unfair competition may exist independently of trademark infringement but there cannot be trademark infringement without the presence of acts which amount to unfair competition. 87 C.J.S. Trade-Marks, etc. § 19, pp. 254–256.

Trademark infringement as a Federal Statutory [1] matter is controlled by 15

1. As an Oklahoma Statutory matter 78 Oklahoma Statutes § 31 states in pertinent part:

"§ 31. Infringement * * * any person who shall

(a) use, without the consent of the registrant, any reproduction, counterfeit, copy, or colorable imitation of a trademark registered under this act in connection with the sale, offering for sale, or advertising of any goods on or in connection with which such use is likely to cause confusion or mistake or to deceive as to the source of * * * such goods; * * * shall be liable to a civil action by the owner of such registered trade-mark for any or all of the remedies provided in Section 12 hereof, * * *."

**1234**

U.S.C. § 1114(1) which provides in pertinent part:

"(1) Any person who shall, without the consent of the registrant—(a) use in commerce any . . . colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; . . . shall be liable in a civil action by the registrant for the remedies hereinafter provided."

In a trademark infringement case the test to be applied is to determine whether there is similarity of sound, sight and of meaning of the respective marks, Sleeper Lounge Company v. Bell Manufacturing Co., 253 F.2d 720 (Ninth Cir. 1958) and likelihood of confusion and deceit of actual or prospective customers. David Sherman Corporation v. Heublein, Inc., 340 F.2d 377 (Eighth Cir. 1965). It is not necessary that an infringing mark be considered confusing on each of the three elements. A likelihood of confusion as to either sound, sight or meaning is sufficient. Esso, Inc. v. Standard Oil Co., 98 F.2d 1 (Eighth Cir. 1938); Coca-Cola Company v. Busch, 44 F.Supp. 405 (E.D.Pa.1942). In David Sherman Corporation v. Heublein, Inc., *supra*, the Court said that some dissimilarity in form and color is not conclusive against infringement and that infringement may exist where the substantial and distinctive part of the trademark is copied or imitated. It is well settled that the word "Cola" refers to the Cola nut, is generic or descriptive and therefore not subject to trademark registration. Coca-Cola Company v. Victor Syrup Corporation, 218 F.2d 596, 42 CCPA 751 (1955). But the right to use "Cola" can exist only in connection with a mark which in its entirety is such that it prevents confusion. Dixi-Cola Laboratories v. Coca-Cola Co., 117 F.2d 352 (Fourth Cir. 1941).

It has been held that "TAKA-KOLA" and "TAKOLA" as a name for a Cola beverage each constitutes an infringement of "Coca-Cola". Coca-Cola Co. v. Old Dominion Beverage Corporation, 271 F. 600 (Fourth Cir. 1921), cert. den. 256 U.S. 703, 41 S.Ct. 624, 65 L.Ed. 1179 (1921); The Coca-Cola Company v. Old Dominion Beverage Corp. No. 39—In Equity (E.D.Va.1922), appeal dismissed; Old Dominion Beverage Corporation v. Coca-Cola Co., 291 F. 1020 (Fourth Cir. 1923).

Defendant Triple "AAA" Company was recently denied an application to register "Tacola" by the Patent Office Trademark Trial and Appeal Board. The Plaintiff opposed such application. Coca-Cola Company v. Triple "AAA" Company, 173 U.S.P.Q. 55. In such denial the Appeal Board in a majority opinion said,

"Notwithstanding that we do not find actual confusion, it is our opinion that there is here a likelihood of confusion."

" 'TACOLA' and 'COCA–COLA' are quite similar in sound and it appeared to us that this is an important factor since substantial sales of carbonated beverages are made upon oral requests in eating and drinking establishments. We think this likelihood of confusion is enhanced when the generic name 'cola' is coupled with applicant's trademark, as applicant does on the label for its goods and in the advertising thereof."

There have been a number of cases throughout the years involving claimed infringement of the trademark "Coca-Cola". The Plaintiff has been successful in many but not successful in others. For example, infringement has been found in use of the mark "Cleo-Cola", Coca-Cola Co. v. Cleo Syrup Corporation, 48 F.Supp. 567 (E.D.Mo.1942) aff'd 139 F.2d 416 (Eighth Cir. 1943), cert. den. 321 U.S. 781, 64 S.Ct. 638, 88 L.Ed. 1074, and "Cup-O'-Cola", Coca-Cola

Company v. Clay, 324 F.2d 198, 51 CCPA 777 (1963) and "Clover-Cola", The Coca-Cola Company v. Clover Club Bottling Co., Inc., OPP No. 43,507, US Patent OFF—March 30, 1965, and "Taka-Kola"; Coca-Cola Company v. Old Dominion Beverage Corp., 271 F. 600 (Fourth Cir. 1921) cert. den. 256 U.S. 703, 41 S.Ct. 624, 65 L.Ed. 1179 (1921) and "Takola", The Coca-Cola Company v. Old Dominion Beverage Corp., No. 39-In Equity (E.D.Va.1922) and "Polc-Kola"; Coca-Cola Co. v. Belinsky, 57 F. Supp. 120 (E.D.Mich.1944), and "Lola-Kola", Dixi-Cola Laboratories v. Coca-Cola Co., *supra*, and "Apola-Cola", Dixi-Cola Laboratories v. Coca-Cola Co., *supra*.

But such marks as, "Nutri.Cola", Coca-Cola Company v. Victor Syrup Corporation, *supra*, and "Roxa Cola", Coca-Cola Company v. Carlisle Bottling Works, 43 F.2d 119 (Sixth Cir. 1930) and "Polar-Cola", Coca-Cola Co. v. Snow Crest Beverages, 162 F.2d 280 (First Cir. 1947) and "Dixi-Cola", and "Mar-Bert Cola", and "MarBert the Distinctive Cola", Dixi-Cola Laboratories v. Coca-Cola Co., *supra* and "Royal Crown Cola" and "R.C. Cola", and "Nehi Cola" and "Par-T-Pak Cola", Coca-Cola Co. v. Nehi Corporation, 27 Del.Ch. 318, 36 A. 2d 156 (1944), for example, have been found to not infringe on "Coca-Cola". In several of the cases holding non-infringement the color schemes and/or method of portrayal were different from those employed by Coca-Cola.

■ The application of the appropriate tests in a given case involves a factual determination by the tribunal under the circumstances of the case. Whether similarity of trademarks deceives or is likely to deceive purchasers is a fact question. Each trademark infringement case stands upon its own peculiar facts. David Sherman Corporation v. Heublein, Inc., *supra*. A Trial Judge, by inspection of trademarks, may himself determine, and must determine, the likelihood of confusion. Beef/Eater Restaurants, Inc. v. James Burrough Limited, 398 F.2d 637 (Fifth Cir. 1968).

■ It is the finding and conclusion of the Court that the Defendant's use of "Tacola" and/or "Tacola Cola" constitutes trademark infringement and unfair competition as claimed by Plaintiff; that "Tacola" and "Tacola Cola" are both confusingly similar phonetically and graphically to "Coca-Cola" which is to find and conclude that "Tacola" and "Tacola Cola" are confusingly similar in respect to pronunciation and appearance and are made more particularly so by use of the same coloring as Plaintiff and the use of the word "Cola" in script form as employed by the Defendant in his "Tacola Cola" advertising; that an appropriate number of users of Defendant's product would be deceived and unless enjoined Plaintiff will suffer irreparable injury.

■ It is well settled that one who adopts a mark similar to the mark of another for closely related goods acts at his peril and any doubt there might be must be resolved against him. Carlisle Chemical Works, Inc. v. Hardman and Holden Ltd., 434 F.2d 1403 (Cust. & Pat.App.1970).

The permanent injunctive relief sought by Plaintiff against Defendant Triple "AAA" Company, a corporation, should therefore be granted. Counsel for Plaintiff will prepare an appropriate judgment in conformity with this Memorandum Opinion, submit the same to opposing counsel and then to the Court for signature and entry herein.