ANTHONY MERLINO *et al. vs.* JOSEPH SCHMETZ *et al.*

MAY 2, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.   This is a bill in equity brought by officers and members of one labor union to enjoin the respondents, as officers and members of another labor union, from using and displaying a so-called "union shop" card in certain barber shops in Woonsocket. The cause was heard in the superior court on bill, answer and proof and thereupon a decree was entered, denying and dismissing the bill of complaint. It is before us upon the complainants' appeal from the entry of that decree.

The bill was brought by Anthony Merlino, an officer, on behalf of all the members of the Journeymen Barbers' International Union of America, and by Martin V. Cass, an officer, on behalf of all the members of Local No. 356 of said union. The respondents were all the members of the Independent Textile Union of the city of Woonsocket, including certain of its officers.

The evidence disclosed that the complainant Journeymen Barbers' International Union of America, through its Local

Union No. 356, had used for over forty years in barber shops in Woonsocket a window or display card of particular composition, color and design; that complainants, by advertising and expending money and otherwise, had educated other unions and the public generally to associate with this particular "union shop" card the knowledge that any shop wherein complainants' card was properly displayed was a so-called "closed shop", that is, that all of the employees in such shop were members of the Journeymen Barbers' International Union of America and that the operator, if it was a "one-chair shop", was himself a member of said union; that the display of this card further had established a reputation with the public that all the employees of such shop were specially skilled, clean and competent as barbers; and that by means of this card the patronage of the public was being solicited for the kind of service that was rendered by members of the complainants' union.

It further appeared that, except for one minor addition, the card had remained the same over a period of forty years, and that during the last few years certain other barber shops had been using a window or display "union shop" card sponsored by the respondents; that the latters' card, according to complainants, was so similar to their card in composition, color and design as to mislead the public into thinking that the services to be obtained in barber shops wherein the respondents' card was displayed were being rendered solely by members of the complainants' union; and that such advertising by respondents therefore amounted to unfair competition.

On the other hand, the evidence for the respondents showed that their union had organized seventy-eight out of the ninety barber shops located in Woonsocket and its vicinity, and that the complainants had organized no more than nine; that the respondents, for that reason, desired to have and display a very different "union shop" card and

that the two cards in question were not similar in fact, but were greatly dissimilar in composition, color and design; that the name of the respondents' union appears plainly upon each of its cards; that the public generally in Woonsocket and its vicinity are aware of the existence of the two unions and know the differences between their methods of organization; that nothing about the card adopted by the respondents' union would tend to mislead an ordinary person or the public generally into believing that the services to be obtained in a barber shop wherein such card was displayed were in fact rendered by members of the complainants' union; and that all shops wherein respondents' card was displayed were "union shops", according to their well-known method of organizing their own labor union.

The trial justice decided, in substance and effect, that the complainants had established a reputation by use of their particular card for over forty years; that the complainants nevertheless could have no exclusive property rights in the words "union shop"; that the two cards were different in composition, color and design and were not in fact similar; that the respondents' card would not be likely to mislead any ordinary person or the public generally into believing that all barbers employed in the shops, wherein such card was displayed, were affiliated with or members exclusively of the complainants' union; and that nobody in fact was ever misled by respondents' card into such a belief.

We have examined the transcript of evidence and the exhibits and we cannot say that the decision of the trial justice was against either the law or the evidence. The test of unfair competition seems to be whether the device or means employed would be likely to confuse and mislead the public generally to purchase the product or patronize the shop of one person when the actual intention was to purchase the product or patronize the shop of another. See *Yellow Cab Co.* v. *Anastasi*, 46 R. I. 49. In the instant cause this rule of

law was applied by the trial justice and we find no error in that respect.

The complainants concede that they could have no exclusive property rights in the words "union shop". They rest solely on the contention that the featured use of these words, in the peculiar setting and circumstances, upon a card so similar in composition, color and design to that used by complainants, amounts to unfair competition, since it would be likely to deceive the public. Our examination of the evidence, including the cards of respondents and complainants respectively, leads us to agree with the trial justice that there is no such similarity between them as would be likely to mislead any ordinary person to believe that the respondents' "union shop" card denoted a shop wherein all the barbers employed were exclusively members of complainants' union.

In our opinion the cards are substantially dissimilar in composition, color and design, except for the words "union shop". Even these are printed in different colors and the name of the respondents' union appears clearly upon their own card, so that no ordinary person would likely be deceived, as complainants contend. Moreover, it appeared in evidence without contradiction that the respondents, since the filing of this bill of complaint, had made their card more unlike the complainants' card by eliminating any figure of a bird, which was the only other possible ground of alleged similarity between the cards.

The barber shops in which the respondents' card was displayed did in fact employ members of a labor union. While such union may have been organized upon a different basis from that of the complainants, there is no evidence that it was not in fact a labor union. The barber shops in question were therefore labor "union shops", according to respondents' plan of organization. In such circumstances the relief sought by the complainants would amount, in effect, to

granting to the complainants an exclusive property right in the words "union shop", when these are merely primary and descriptive words that could be used with equal truth by the respondents; and where, in the particular setting and circumstances, they would not be likely to mislead or deceive an ordinary person or the public generally. Upon all the evidence and circumstances, we cannot say that the trial justice erred in his substantial findings of fact.

The complainants' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Mullen & Roberts, Thomas H. Roberts,* for complainants.

*Edward F. Dwyer, Irving I. Zimmerman,* for respondents.