**FORD MOTOR COMPANY, Plaintiff,**

**v.**

**J. Harvey WEIBEL, Weibel Motors, Inc. and New England Telephone and Telegraph Company, Defendants.**

**Civ. A. No. 3601.**

United States District Court
D. Rhode Island.
Jan. 12, 1967.

Claude R. Branch, Providence, R. I., for plaintiff.

Robert B. Gates, of Gardner, Sawyer, Cottam & Gates, Westcote H. Chesebrough, of Tillinghast, Collins & Tanner, Providence, R. I., for New England Tel. & Tel. Co.

## OPINION

DAY, Chief Judge.

In this action the plaintiff seeks relief against alleged infringement of plaintiff's federally registered trade-mark and against unfair competition by the defendants, J. Harvey Weibel and Weibel Motors, Inc. Jurisdiction of this Court is invoked under the provisions of Title 28 U.S.C. § 1332(a) and § 1338.

Upon the motion of the plaintiff, this action has been dismissed as to the defendant, New England Telephone and Telegraph Company.

It is now before me upon the plaintiff's motion for summary judgment against the defendants, J. Harvey Weibel and Weibel Motors, Inc. (hereinafter sometimes referred to as "the defendants") pursuant to Rule 56 of the Federal Rules of Civil Procedure. This motion is supported by affidavits and exhibits. No counter affidavits have been filed by the defendants. In my opinion, it is clear from the pleadings, requests for admissions directed to the defendants, affidavits and answers by the defendants to interrogatories that there is no genuine issue as to any material fact.

The facts may be summarized as follows: For more than 50 years plaintiff has been manufacturing motor cars and has been and is selling them under the trade-mark "Ford" throughout the United States, including the State of Rhode Island. Said trade-mark has been duly registered in the United States patent office during said period, the most recent registration thereof having been made on March 26, 1957, being Registration No. 643,185, and is and was at the times involved herein in full force and effect. Plaintiff does not sell the cars made by it directly to the public but only to certain local dealers with which it has so-called dealer agreements and which it holds out to the public as authorized Ford dealers and as its representatives. These authorized dealers sell new Ford

cars and provide parts and repair services for cars. Since most persons, when they buy a new car, desire to trade in their used car, authorized Ford dealers also sell used cars. Their facility in selling used cars affects and limits their capacity to accept them as part payment for new cars and their sales of new cars and hence the sales of plaintiff's cars to them.

Over the years plaintiff has expended many millions of dollars in advertising its products and the trade-mark "Ford"; and the term "Ford Dealer" and the name "Ford" have come to mean a dealer authorized and approved by plaintiff to sell its new cars and parts entailing as a part of such business the buying and selling of used cars. There are approximately 13 Ford dealers in Rhode Island, but neither of the defendants is an authorized Ford dealer.

On or about April 1, 1957, Weibel Ford, Inc., a Rhode Island corporation of which J. Harvey Weibel was then president, became an authorized Ford dealer by virtue of a so-called "Ford Sales Agreement". This agreement was executed in its behalf by the said J. Harvey Weibel. Said agreement provided that either of the parties thereto might terminate it in the event of the appointment of a temporary or permanent receiver of Weibel Ford, Inc. On October 9, 1961, a permanent receiver of Weibel Ford, Inc. was appointed by the Superior Court of the State of Rhode Island, and, thereafter, on December 12, 1961, the plaintiff terminated said sales agreement in accordance with the provisions thereof. Said agreement also provided that upon its termination Weibel Ford, Inc. would remove at its own expense all signs erected or used by it or any business associated with it bearing the name "Ford" and would permanently discontinue any use of the name "Ford".

Prior to the appointment of said permanent receiver, Weibel Ford, Inc. sold and delivered to the defendant Weibel Motors, Inc. one of its large signs bearing the words "Weibel Ford, Inc". In this sign the letters in the name "Ford" are several feet high and considerably larger and more conspicuous than those in the name "Weibel". The lettering is the same on each side of said sign.

The defendants conduct a used car business in the Town of North Kingstown, in the State of Rhode Island. They sell only used cars many of which are the products of manufacturers other than the plaintiff. Their used cars are displayed in a large open area bordering on Route 1A (commonly called "Post Road"), a heavily traveled public highway in the State of Rhode Island. At one end of this area, in a conspicuous place and close to said highway, the defendants have erected and are displaying said sign formerly owned and used by said Weibel Ford, Inc., and have rejected the plaintiff's demand that they remove said sign and discontinue use thereof. No other sign appears on said premises.

At the time of the commencement of this action, the telephone directory for the Towns of North Kingstown, South Kingstown and Narragansett, and vicinity, carried the listing—"Weibel Ford Annex, Post Rd. N.King. Gwch 884–5439." J. Harvey Weibel admits that he caused the above listing to be made in said telephone directory while he was president of Weibel Ford, Inc. Although denying that he requested any renewals of the original listing, he admits that he has continued to pay the charges for telephone service based on such listing.

Plaintiff contends that the aforesaid uses being made by the defendants of the name "Ford" in connection with their used car business are an infringement of its trade-mark "Ford", are likely to cause persons to buy cars from the defendants when they intend to buy them from an authorized Ford dealer, which will result in damage to the plaintiff and constitute unfair competition with it.

The defendants concede that their use of the name "Ford" in said sign was and is deliberate to designate and describe used cars manufactured by the plaintiff and was intended to endow them with a salability that a used car made by the plaintiff might possess. They deny that their use of the name "Ford" was or is

intended to confuse the public into believing that Weibel Motors, Inc. is an authorized Ford dealer or representative of the plaintiff.

■ It is well settled that in an action for trade-mark infringement and unfair competition it is not necessary for a plaintiff to show actual cases of confusion. It is sufficient to show the likelihood that confusion will result and that the public might be misled. Baker v. Simmons Company, 1962, 1 Cir., 307 F. 2d 458; Metropolitan Life Insurance Company v. Metropolitan Insurance Company, 1960, 7 Cir., 277 F.2d 896; G. D. Searle & Co. v. Chas. Pfizer & Co., Inc., 1956, 7 Cir., 231 F.2d 316; Bostitch, Inc. v. King Fastener Co., 1958, 87 R.I. 274, 140 A.2d 274; Merlino v. Schmetz, 1941, 66 R.I. 425, 20 A.2d 266.

Although the defendants disclaim any intention to mislead the public into believing that they are authorized Ford dealers, I think it is quite significant that they display and offer for sale many other makes of used cars and yet have no other signs on their premises. If they have sought, as they claim, only to advertise the fact that they sell used cars which were made by plaintiff and not to create the impression that they are authorized representatives of the plaintiff, they could easily have avoided the latter effect by an appropriate addition to said sign formerly used by Weibel Ford, Inc. Cf. Volkswagenwerk Aktiengesellschaft v. Church, 1966, D.C.Cal., 256 F.Supp. 626.

■ In my opinion, the conclusion is inescapable that said use by them of said sign is likely to cause confusion among the purchasing public and mislead them to purchase used cars from the defendants when the actual intention is to purchase them from an authorized Ford dealer. I am also of the opinion that the use by them of said sign is certain to result in damage to the plaintiff and constitutes unfair competition against which the plaintiff is entitled to relief.

■ Similarly, I find that the listing in said telephone directory hereinbefore set forth is likely to cause confusion among the purchasing public and mislead them into believing that the business being conducted by the defendants is that of Weibel Ford, Inc. which was formerly an authorized Ford dealer and a representative of the plaintiff. This listing likewise constitutes unfair competition with the plaintiff against which it is entitled to relief.

Defendants are undoubtedly entitled to advertise by appropriate means that they sell used cars that were made by the plaintiff, but they must not represent in their advertising or signs, either directly or by implication, that they are authorized Ford dealers or representatives of the plaintiff. Ford Motor Co. v. Helms, 1938, D.C.N.Y., 25 F.Supp. 698; Dodge Bros. v. East, 1925, D.C.N.Y., 8 F. 2d 872.

Accordingly, I find and conclude that plaintiff's motion for summary judgment must be and is granted. Judgment shall be entered in its favor (1) enjoining and restraining the defendants and their respective agents, servants, employees and successors permanently from (a) doing business under or using the name "Weibel Ford Annex"; (b) using the name "Ford" in any manner likely to indicate or imply that the defendants have any connection with the plaintiff or likely to mislead the public and create such an impression; (c) displaying by advertisements or signs in or about their place of business or on stationery, letterheads, invoices or in any directory listings the name "Ford" alone or with any other words in such a manner as to imply that said defendants are authorized agents, dealers, distributors or representatives of the plaintiff, and (2) directing the said defendants to remove forthwith said sign bearing the words "Weibel Ford" from their place of business, or, in the alternative, to obliterate the name "Ford" from said sign.

Counsel for the plaintiff will prepare and present for entry a judgment in accordance with the conclusions above set forth.