**CHRYSLER CORPORATION, Plaintiff,**

v.

**THAYER PLYMOUTH CENTER, INC., and Robert H. Thayer, Defendants.**

**THAYER PLYMOUTH CENTER, INC., d/b/a Robert Thayer Chrysler Plymouth and Robert H. Thayer, Counterplaintiffs,**

v.

**CHRYSLER CORPORATION and Chrysler Motors Corporation, Counterdefendants.**

**No. 68–633.**

United States District Court
C. D. California.
Aug. 22, 1969.

McCutchen, Black, Verleger & Shea, by Franklin H. Wilson, Los Angeles, Cal., for plaintiff.

Kurilich, Slack, Ballard, Batchelor, Maher & McBride, by Cecil E. Ricks, Jr., Fullerton, Cal., for defendants.

## MEMORANDUM OF DECISION AND ORDER GRANTING MOTION OF PLAINTIFF FOR SUMMARY JUDGMENT ON ITS COMPLAINT

WHELAN, District Judge.

The Court has heretofore advised the parties that the motion of plaintiff for summary judgment on its complaint will be granted. The following constitutes the memorandum decision of the Court granting said motion.

Plaintiff Chrysler Corporation (Chrysler) commenced this lawsuit in April 1968 against defendants Thayer Plymouth Center, Inc. and Robert H. Thayer for trademark infringement and related unfair competition.

Chrysler thereafter undertook discovery including interrogatories and the deposition of Robert H. Thayer.

Thereafter Chrysler filed a motion for summary judgment pursuant to Fed.R. Civ.P. 56 and filed extensive affidavits and exhibits in support of such motion. Although affidavits were filed by Thayer in opposition to the motion for summary judgment, they did not controvert the facts set forth in Chrysler's affidavits. Having reviewed the pleadings, memoranda, affidavits, and exhibits and having heard counsel in support of and in opposition to the motion, the relevant, undisputed facts may be summarized as follows:

Chrysler Corporation is incorporated under the laws of the State of Delaware, and has its principal place of business in the State of Michigan. Chrysler Motors Corporation, also incorporated under the laws of the State of Delaware and with its principal place of business in the State of Michigan, is a wholly owned subsidiary of Chrysler engaged in the distribution of Chrysler made passenger cars, trucks and related accessories and equipment throughout the United States.

Thayer Plymouth Center, Inc. (Thayer) is incorporated under the laws of the State of California, and has its principal

place of business in the State of California. It does business as an automobile dealership in Fullerton, California, under the fictitious name "Robert Thayer Chrysler Plymouth." Robert H. Thayer is a citizen of the State of California and is president and sole shareholder of Thayer.

Chrysler commenced the manufacture of automobiles bearing the name "Plymouth" on June 1, 1928. Since that date Chrysler, Chrysler Motors Corporation and its authorized distributors and dealers throughout the United States have been the exclusive users of the name "Plymouth" as applied to new automobiles and automotive accessories. Over 15,000,000 Plymouths have been manufactured by Chrysler and sold through its authorized Plymouth dealers and Chrysler has expended more than $250,000,000.00 in the advertising and promotion of Plymouth automobiles since 1928.

On January 5, 1932, the United States Patent Office issued to Chrysler Registration No. 290,320 for the trademark "Plymouth" for use on automobiles and their structural parts and Chrysler since that date has been and now is the owner of said registration. Said registration was republished on November 16, 1948, and an affidavit of renewal was filed on August 23, 1954.

On February 28, 1961, the United States Patent Office registered the trademark "Valiant" to Chrysler Corporation on the Principal Register, No. 711,768, for use in connection with Motor Vehicles, Class 19. From 1959 until 1961, Valiant was a separate make of automobile manufactured by Chrysler. In 1961, Valiant became the model designation of the compact Plymouth and since 1961 the compact model Plymouth has been publicly known as the "Valiant" or "Plymouth-Valiant."

At no time since 1928 has any corporation, firm, or individual other than Chrysler or Chrysler Motors Corporation manufactured or distributed new automobiles in the United States bearing the name "Plymouth" or "Valiant."

In addition to the registered trademarks "Plymouth" and "Valiant," Chrysler has adopted and used distinctive names for the various models of Plymouth and Valiant. These include "Fury I," "Fury II," "Fury III" and "VIP" which designate the full size Plymouth and "Belvedere" and "Satellite" which designate the intermediate size Plymouth. The compact Valiant comes in two "Signet" series and the sports model "Barracuda." These names are not registered as trademarks with the United States Patent Office. However, all of them have been in use by Chrysler for more than three years and, as applied to automobiles, have become publicly identified as Plymouth and Valiant model designations.

In 1961, Chrysler Motors Corporation and Thayer entered into a Plymouth Direct Dealer Agreement by which Thayer was authorized by Chrysler Motors Corporation to purchase new Plymouth automobiles from Chrysler Motors Corporation for resale to the public. (Shortly thereafter Chrysler Motors Corporation and Thayer entered into a Chrysler Direct Dealer Agreement which is still in effect and is not involved in this litigation.) The Plymouth Direct Dealer Agreement obligates the dealer to maintain adequate facilities, invest sufficient capital to perform its contractual duties, avoid misleading or deceptive advertising, maintain adequate supplies of parts and proper tools for servicing and repairing Plymouths and "to render prompt and courteous service to all owners of Plymouth passenger cars."

Among the duties that authorized Plymouth dealers must undertake pursuant to the Plymouth Direct Dealer Agreement are final preparation of new Plymouths for delivery to customers, inspection to insure against mechanical malfunctions, conveyance of good title to the purchaser, and performance of the extensive warranty obligations both of Chrysler and of the dealer to the purchasers of new Plymouths. Among the warranties given a new Plymouth purchaser is one covering engine and drive

train for five years or 50,000 miles. Chrysler does not maintain its own service shops but must rely on the authorized dealers to perform these warranty obligations in a workmanlike manner.

Paragraph 7 of the Plymouth Direct Dealer Agreement establishes a minimum sales responsibility (MSR) to be met by the dealer. Thayer's Plymouth sales performance, according to Chrysler Motors Corporation records, declined to the point where Thayer sold only 38% of its new Plymouth MSR from October 1, 1965, to May 31, 1966. The number of new Plymouth passenger cars sold by Thayer declined from a monthly average of 21 in calendar year 1963 to a monthly average of 16 in the first eight months of the 1966 model year despite the fact that both the size of the new passenger car market and Plymouth's share of that market substantially increased from 1963 to 1966. Thayer does not dispute the accuracy of these figures.

On June 17, 1966, Thayer was notified in writing that its Plymouth Direct Dealer Agreement was terminated effective ninety days thereafter. Thayer was terminated primarily for its failure to meet MSR.

MSR, or its equivalent formula used by other automobile manufacturers, has in the majority of cases been upheld as reasonable. Victory Motors of Savannah, Inc. v. Chrysler Motors Corp., 357 F.2d 429, 431–432 (5th Cir. 1966); Goldfarb Plymouth, Inc. v. Chrysler Motors Corp., 214 F.Supp. 600, 602 (E.D. Mich.1962); Milos v. Ford Motor Co., 206 F.Supp. 86, 92 (W.D.Pa.1962), aff'd., 317 F.2d 712, 7 A.L.R.3d 1162 (3rd Cir. 1963), cert. den. 375 U.S. 896, 84 S.Ct. 172, 11 L.Ed.2d 125 (1963); Leach v. Ford Motor Co., 189 F.Supp. 349, 352 (N.D.Cal.1960); and Boney v. Chrysler Motors Corp. (S.D.C.Div.Cal.1963), Docket No. 601–60 CC. Indeed, after receiving notice from Chrysler Motors Corporation of the termination of the Plymouth Direct Dealer Agreement, Thayer commenced a suit seeking injunctive relief to prevent the termination. In that case, Docket No. 66–1442–IH (C.D.Cal.1966), Judge Irving Hill denied Thayer's motion for a preliminary injunction after finding that Thayer had failed to meet its MSR and that MSR was a valid ground for terminating the Plymouth Direct Dealer Agreement. In one case, Madsen v. Chrysler Corp., 261 F.Supp. 488 (N.D.Ill.1966), MSR was held, in the circumstances of that case, to be unreasonable. However, in *Madsen*, the Court neither cited nor distinguished the above cited cases holding MSR reasonable and, on appeal, the *Madsen* decision was vacated. 375 F.2d 773 (7th Cir. 1967).

Furthermore, the legality of this termination of the Plymouth Direct Dealer Agreement is not before the court on Chrysler's motion for summary judgment. Although Thayer was not successful in obtaining a preliminary injunction in federal court, Thayer thereafter brought suit in the California Superior Court for Orange County and did obtain a preliminary injunction prohibiting the termination of the Plymouth Direct Dealer Agreement. However, in Thayer Plymouth Center, Inc. v. Chrysler Motors Corp., 255 Cal.App.2d 300, 63 Cal.Rptr. 148 (1967), the California Court of Appeal for the Fourth District, Division 2, held that the Plymouth Direct Dealer Agreement was too complex to be subject to specific performance and that Thayer's only remedy, if the termination of such agreement was wrongful on Chrysler's part, was an action for damages. A hearing was denied by the California Supreme Court and the decision of the Court of Appeal became final on December 27, 1967.

In January and February, 1968, Chrysler's attorneys and employees requested that Thayer remove the signs from the dealership premises in Fullerton, California, that identified it as a Plymouth dealer, requested that Thayer no longer advertise or in any way hold itself out as an authorized Plymouth dealer and requested that Thayer change its corporate name so that the name "Plymouth" did not appear in it.

Paragraph 26 of the Plymouth Direct Dealer Agreement, executed by Thayer, provides in part:

"On termination of this agreement, DIRECT DEALER will discontinue immediately using the name 'Plymouth' in DIRECT DEALER'S corporate, firm or trade name or using any names or trademarks adopted or used by PLYMOUTH and/or Chrysler Corporation and will take such steps as may be necessary or appropriate, in PLYMOUTH'S opinion, to change such corporate, firm or trade name so as to eliminate the word 'Plymouth' therefrom, and will discontinue using any signs, stationery or advertising containing any of PLYMOUTH'S and/or Chrysler Corporation's names, trademarks or insignia or anything else that might make it appear that DIRECT DEALER is an authorized dealer for Plymouth passenger cars or other Plymouth products."

Thayer has refused to remove the Plymouth signs from the dealership premises, to change its corporate name or in any other respect cease using the name "Plymouth" and holding itself out to the public as an authorized Plymouth dealer and Thayer has obtained and displayed at the dealership premises and has sold a few current model Plymouths. They have not been obtained from Chrysler or Chrysler Motors Corporation but have probably come from used car auctions or from other authorized dealers who may not have known that Thayer was no longer an authorized dealer.

During the time that Thayer was an authorized Plymouth dealer, Thayer adopted numerous techniques to inform the public of that fact. Thayer has continued to use these techniques since the termination of its Plymouth Direct Dealer Agreement. Among them are the following:

(1) A large sign over 30 feet high in front of the dealership premises fronting on Harbor Boulevard in Fullerton, California, at the top of which is the Chrysler corporate identity symbol, the pentastar, and beneath which appears the legend:

T H A Y E R

C h r y s l e r

P l y m o u t h

(2) The names "Plymouth" and "Valiant" painted on the dealership building and on billboards located on the dealership premises.

(3) An advertisement in the yellow pages of the Orange County telephone directory prominently displaying a copy of the sign in front of the dealership premises and further stating "Top Factory Rated in Southern California."

(4) The use of the name "Plymouth" in the corporate name, "Thayer Plymouth Center, Inc.," and in the fictitious name under which it does business, "Robert Thayer Chrysler Plymouth."

(5) Use of the names "Plymouth" and "Valiant" on the dealership letterhead stationery.

Since termination of the Plymouth Direct Dealer Agreement, Thayer has caused to be erected a billboard prominently advertising "Fury III's."

Use of the trademarks "Plymouth" and "Valiant" and the model designation names in the manner described in the preceding paragraphs is likely to cause confusion on the part of the public and to mislead the public into believing that Thayer is an authorized Plymouth dealer.

In addition to the likelihood of confusion on the part of the public and the consequent dilution of the recognition and goodwill associated with Chrysler's trademarks, Chrysler suffers substantial pecuniary damage by its inability to establish an authorized Plymouth dealership in the Fullerton, California, area. The capital investment required to open and operate a new Plymouth dealership in such an area is in excess of $100,000.-00. Because the hazards of automobile retailing are substantial, Chrysler is unable to obtain a new Plymouth dealer for

the Fullerton area if such dealer, in addition to having to compete with the authorized dealers in other makes of new cars, must also compete with a dealer that holds itself out as an authorized Plymouth dealer. As a result of not having an authorized dealer, Chrysler is losing a large volume of new Plymouth sales in the Fullerton area worth more than $10,000.00 a year.

Based on the foregoing facts, this Court has jurisdiction of the parties and the subject matter pursuant to 28 U.S.C.A. § 1332 (diversity of citizenship and amount in controversy) and 28 U.S.C.A. § 1338 (trade marks and unfair competition).

 By its unauthorized use of Chrysler's valid trademarks "Plymouth" and "Valiant" defendants have infringed and now infringe such trademarks and Chrysler is entitled to appropriate injunctive relief. Lanham Act § 32, 15 U.S.C.A. § 1114, Trail Chevrolet, Inc. v. General Motors Corp., 381 F.2d 353, 354 (5 Cir. 1967), Ford Motor Co. v. Weibel, 262 F.Supp. 932, 935 (D.R.I.1967). Moreover, defendants' use of such trademarks and of the other Plymouth model designation names constitutes unfair competition because of its likelihood of causing confusion among the purchasing public by creating the impression that Thayer is an authorized Plymouth dealer. Heaton Distributing Co., Inc. v. Union Tank Car Co., 387 F.2d 477, 484 (9 Cir. 1967), Ford Motor Co. v. Benjamin E. Boone, Inc., 244 Fed. 335, 338 (9 Cir. 1917), Volkswagenwerk G.m.b.H., v. Frank, 198 F.Supp. 916, 919 (D.Colo. 1961).

Thayer is, of course, free to advertise that it sells used Plymouths or specializes in their service and repair. Trail Chevrolet, Inc. v. General Motors Corp., *supra,* Ford Motor Co. v. Weibel, *supra,* Dodge Bros. v. East, 8 F.2d 872 (D.C. N.Y.1925). The problem is to limit such advertising to prevent misleading the public, whether by intention or inadvertence, into thinking Thayer is an authorized Plymouth dealer. This problem is compounded in this case because Thayer was an authorized Plymouth dealer until terminated in September, 1966, and has continued to advertise and represent itself since termination in the same manner as it did before termination. Under these circumstances a clear break with Thayer's advertising and publicity practices is necessary and, in addition to a permanent general prohibition against Thayer holding itself out as an authorized Plymouth dealer, for a two-year period Thayer's right to use the trademarks "Plymouth" and "Valiant" and their various model designation names will be severely limited so that the public will recognize that Thayer is not an authorized Plymouth dealer. The Court will enter judgment ordering, adjudging, and decreeing all of the matters set forth on pages 12 and 13 hereto annexed.

## PERMANENT INJUNCTION

It is ordered, adjudged and decreed that defendants Thayer Plymouth Center, Inc., doing business as Robert Thayer Chrysler Plymouth, and Robert H. Thayer, and each of them, and all persons who are or may be under the control and direction of either of them and all persons acting in concert or in participation with either of them, are hereby permanently enjoined from directly or indirectly holding themselves out as authorized dealers in Plymouth or Valiant automobiles and are ordered to remove the name "Plymouth" from the sign standard in front of defendants' dealership premises located at 700 South Harbor Boulevard, Fullerton, California, and to remove the name "Plymouth" from the corporate and fictitious names under which defendant Thayer Plymouth Center, Inc. does business.

Because defendant Thayer Plymouth Center, Inc. was an authorized Plymouth dealer until terminated in September, 1966, and has continued to advertise and represent itself since termination in the same manner as it did before termination, and without in any way limiting the generality of the foregoing order, for a period of two years defendants are further ordered (1) to remove the names "Plymouth" and "Valiant" from the

buildings and sign boards located at the dealership premises or which are used to advertise the dealership, (2) to remove the names "Plymouth" and "Valiant" from letterhead stationery and other printed materials used by defendants, (3) to remove the names "Plymouth" and "Valiant" from telephone book listings of defendants and (4) are forbidden to use the names "Plymouth" or "Valiant" or their various model designations, including "Fury," "VIP," "Satellite," "Belvedere," "Signet" and "Barracuda," except in connection with the advertising of specific used Plymouths and Valiants and which advertising shall not use such names in a manner more prominent than that used in the advertising of other makes of used cars sold by defendants which have been manufactured by automobile companies other than Chrysler.

Pursuant to Lanham Act § 34, 15 U.S.C.A. § 1116, defendant Robert H. Thayer shall file with the Court and serve on the plaintiff within sixty days after service of this injunction a report in writing and under oath setting forth in detail the manner and form in which defendants have complied with this injunction.

Plaintiff is awarded its costs herein.