DECISION
This matter is before the Court on Plaintiff Bernadette Cicione's, d/b/a/ Renaissance Cafe, Motion for Temporary Restraining Order and Preliminary Injunction. Plaintiff seeks to enjoin defendant Cafe Renaissance Inc. d/b/a "RENAISSANCE restaurant and catering" (hereinafter RRC) from (1) operating any kind of business in Rhode Island under a name or mark that includes the word "Renaissance"; (2) advertising or promoting in any restaurant and/or night club services identified by any name or mark including the term "Renaissance" in Rhode Island, and (3) otherwise unfairly competing with plaintiff. Additionally, both parties have filed motions to cancel the trademark registration and/or service mark registration of the other party. The facts insofar as pertinent follow.
Facts/Travel
In the instant dispute, both parties are engaged, to some extent in the restaurant and food industry. The plaintiff operates a small "European-type-cafe" specializing in Italian food and pastries, located in Pontiac Mills in Warwick. Plaintiff applied for and subsequently received a Certificate of Trademark Registration from the Secretary of State, in March, 1999. (See Trademark # 990301). The goods for which plaintiff uses her mark "Renaissance Cafe" are listed as "prepared foods, baked goods, confectionery, beverages, preserves for sale at retail, wholesale and for restaurant use." (See Application for Registration of a Trademark, 3/2/99). Plaintiff's mark has the words "Renaissance Cafe" inside an oval, with a green leafed vine around the inside parameters of the oval.
Plaintiff's business occupies approximately 240 feet, with three tables and a seating capacity for eight. Her hours of operation are from 8:30 a.m. to 4:00 p.m., Monday through Friday, from Memorial Day through Labor Day and from 8:30 a.m. to 6:00 p.m. , Monday through Saturday, from Labor Day to Memorial Day. Breakfast offerings consist mainly of pastries, biscotti, muffins and coffee. Plaintiff's lunch specials consist of an assortment of soups, salads, sandwiches, pizzas, pastas, baked goods, and coffee. Plaintiff has no employees, and does not offer alcoholic beverages or entertainment at her establishment.
Plaintiff advertised her business in Rhode Island Monthly Magazine in November or December 1999 and February 2000. She has also advertised in the Providence Phoenix and at least once in Providence Monthly. In August 2000, plaintiff was "Editor's choice winner for Best Biscotti in Rhode Island Monthly's Annual Best of Rhode Island edition. Thereafter, plaintiff was invited and attended the annual "Best of Rhode Island Party" at the Rhode Island Convention Center, where she displayed a large banner with the name "Renaissance Cafe" and provided samples of her biscotti.
Defendant Cafe Renaissance, Inc., d/b/a/ "RENAISSANCE restaurant and catering" is located in the Federal Hill section of Providence, on Atwells Avenue. RRC filed its Articles of Incorporation with the Secretary of State on February 28, 2000 and its Fictitious Business Name Statement on July 7, 2000. The Secretary of State issued defendant a "Certificate of Service Mark Registration" on August 10, 2000. (See Service Mark # 000801). Defendant's mark predominantly consists of the word "RENAISSANCE" in block print, adjacent to a symbol known as a "fleur delys" and the use of the words "restaurant and catering" under the dominant word and symbol.
Defendant's establishment consists of approximately 4,000 square feet with a seating capacity for 94. RRC is open from 5:00 p.m. to 2:00 a.m. on Fridays and Saturdays, and from 5:00 p.m. to 1:00 a.m. on Tuesday through Thursday and on Sundays. RRC's menu features appetizers, pizzas, fondues, and desserts. RRC has a full liquor license and offers nightly musical entertainment.
RRC is not open to serve either breakfast or lunch and does not offer any prepackaged goods.
In June 2000, the Providence Journal food section published an article that referred to a new restaurant planning to open on Federal Hill as "Renaissance Cafe." Also in June 2000, Providence Monthly magazine published an article also referring defendant's new restaurant as "Renaissance Cafe." On October 4, 2000, plaintiff filed a Motion for a Temporary Restraining Order/ Preliminary Injunction. At a hearing before this Court on October 26, 2000, the Director of Corporations from the Office of the Secretary of State, Sandra M. Williams, testified that defendant's Service Mark was "inadvertently accepted for filing" with said office. Also at the aforementioned hearing, RRC argued that plaintiff's mark was not valid because the application for the registration was not properly signed. Plaintiff maintained that she printed her name on the signature line of the application due to confusion with the form.
Furthermore, plaintiff testified at the hearing that she has received approximately a dozen misdirected calls from individuals who were looking for RRC. Plaintiff also stated that one of her suppliers inquired when she was moving to her Providence location.
Standard of Review
In deciding whether to issue a preliminary injunction, the Court must determine whether the moving party (1) has a reasonable likelihood of success on the merits, (2) will suffer irreparable harm without the requested injunctive relief, (3) has the balance of the equities, including the possible hardships to each party and to the public interest, tip in its favor, and (4) has shown that the issuance of a preliminary injunction will preserve the status quo. Iggy's Doughboys, Inc. v. Giroux, 729 A.2d 701, 705 (R.I. 1999) (citing Fund for Community Progress v. United Way of Southeastern New England, 695 A.2d 517, (R.I. 1997)). Furthermore, prospective damage to a business's good will and reputation "is precisely the type of irreparable injury for which an injunction is appropriate." Id. at 705 (citation omitted).
In reviewing the cross- motions to cancel the registration of defendant's Service Mark and/or plaintiff's Trademark, the Court must decide whether the marks are so similar that they are likely to cause confusion, mistake, or to deceive. See G.L. § 6-2-8. Section 6-2-8 of Rhode Island General Laws provides in pertinent part:
 The secretary of state shall cancel:
(3) Any registration which the superior court shall find:
 (A) That the registered mark has been abandoned;
 (B) That the registrant is not the owner of the mark;
 (C) That the registration was granted improperly;
 (D) That the registration was obtained fraudulently; or
 (E) That the registered mark is so similar, as to be likely to cause confusion or mistake or to deceive, to a mark registered by another person in the United States patent office, prior to the date of the filing of the application for registration by the registrant hereunder, and not abandoned; provided, however, that should the registrant prove that he or she is the owner of a concurrent registration of his or her mark in the United States patent office covering an area including the state, the registration hereunder shall not be canceled;
 (4) Any registration which has been ordered canceled by the superior court.
Validity of Plaintiff's Trademark
Ms. Williams testified that although there are instances where an application may not be accepted due to improper procedures and may be returned to the applicant for correction, this was not the case here since plaintiff/applicant indeed filled out the signature line. Additionally, Ms. Williams testified that the application was more confusing at the time plaintiff applied to register and has since been revised. Accordingly, this Court determines plaintiff's application for trademark registration to be valid despite defendant's assertion to the contrary.
Unfair Competition
Our Supreme Court recognizes that "[t]he test of unfair competition seems to be whether the device or means employed would be likely to confuse and mislead the public generally to purchase the product or patronize the shop of one person when the actual intention was to purchase the product or patronize the shop of another." Fund for Community Progress v. United Way of Southeastern New England, 695 A.2d 517, 521-522 (R.I. 1997) (citing Merlino v. Schmetz, 66 R.I. 425, 428, 20 A.2d 266, 267 (1941).
Defendant argues that its Service Mark is sufficiently different in composition, color and design to preclude confusion among consumers. Merlino, 66 R.I. at 428, 20 A.2d at 267. Defendant further asserts that "similarity [in marks] must be considered in light of the way the marks are encountered in the market place and the circumstances surrounding their purchase." E J Gallo Winery v. Consorzio del Gallo Nero,782 F. Supp. 457, 463 (N.D. Cal 1991) (citations omitted).
Defendant maintains that plaintiff's mark is encountered by customers opting for a light breakfast, light snack or lunch whereas defendant's mark would be encountered in entirely different circumstances.
RRC's customer market seeks "a night out" with musical entertainment, spirits, and more elaborate dining fare. Furthermore, defendant contends that because of the different hours of operation between the businesses, there would be little likelihood of confusion among the public.
Plaintiff contends that this is the type of situation that the trademark laws were enacted to protect against in the first place. Plaintiff maintains that she has superior rights in the trademark/service mark RENAISSANCE CAFE as applied to restaurant services. Plaintiff further argues that the continuous use of this trademark/service mark will undoubtedly result in confusion.
Additionally, plaintiff contends that the defendant will gain the benefit of the good will generated already by the name RENAISSANCE CAFE and conversely, any dissatisfaction with RRC's restaurant services may adversely reflect upon plaintiff.
Injunctive Relief
The plaintiff need not show actual confusion between Renaissance Cafe and Cafe Renaissance, Inc., but rather whether deceptions and confusion are likely to occur. See The Fund For Community Progress, supra. This Court is persuaded by plaintiff's assertion that in a small state such as ours, use of the same or substantially the same name for restaurants would be likely to cause confusion. Plaintiff has further demonstrated instances of such confusion and has shown that the Office of the Secretary of State also found a likelihood to confuse the Rhode Island public. Where it can be shown that there is obvious, confusing similarity between marks, there is prima facie evidence of injury to warrant the issuance of a Preliminary Injunction against the infringer. P. Daussa Corp. et al v. Sutton Cosmetics (P.R.) Inc., 462 F.2d 134 (2 Cir. 1974). This Court finds that if injunctive relief were to be denied, plaintiff would lose the unique character and identity of her business. Id.
Motion to Cancel Trademark or Service mark
The Office of the Secretary of State, through Ms. Williams, stated that defendant's service mark was inadvertently registered and should not have been registered because of the similarity between defendant's and plaintiff's mark. This Court finds that the registered mark, in the area of restaurant services in a state this size, would be "likely to cause confusion or mistake" Pursuant to G.L. § 6-2-8 (c) (4) this Court finds that defendant's mark should be canceled.
Based on the aforementioned, plaintiff's Motion for a Preliminary Injunction and Motion to Cancel Defendant's Service Mark are granted.
Counsel shall submit appropriate orders for entry.