NATIONAL LUMBER & BUILDING
MATERIALS CO.

v.

James R. LANGEVIN, in his capacity
as Secretary of State et al.

No. 2001–113–Appeal.

Supreme Court of Rhode Island.

June 4, 2002.

Marvin H. Homonoff, Providence, for Plaintiff.

Kenneth Kando, Pawtucket, Suryanarayan, Rajaram/Katherine Merolla, Providence, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This is a case about two lumber companies, each one trying to put the wood to the other's fictitious business name. It falls to us to untie the not-so-knotty legal problems raised on this appeal. The de-

fendant, National Lumber Company of Massachusetts,[1] filed a notice of appeal after a Superior Court trial justice granted permanent injunctive relief in favor of the plaintiff, National Lumber & Building Materials Co. The Superior Court initially failed to enter a final judgment. The court belatedly did so, however, after a single justice of this Court entered an order remanding the case for that purpose. Thus, although the defendant's appeal was premature, we now possess the essential jurisdictional platform needed to decide this appeal.

The defendant contends that the trial justice erred in finding that plaintiff possessed a legally protected interest in using the trade name "National Lumber Company." The defendant also argues that the trial justice employed the incorrect legal standard for finding infringement of a fictitious business name. After a prebriefing conference, a single justice of this Court ordered the parties to show cause why we should not decide this appeal summarily. Because they have not done so, we proceed to decide the appeal at this time. Concluding that defendant's bark on appeal is worse than its legal bite, we affirm the Superior Court's judgment granting permanent injunctive relief in favor of plaintiff.

### Facts and Travel

The plaintiff has operated a lumber business in Rhode Island since approximately 1950, incorporating here in 1965. In 1979, plaintiff filed a statement designating a fictitious business name with the Secretary of State, indicating that it would conduct its business as "National Lumber Company." Although plaintiff failed to renew its fictitious business-name statement in 1984,

it continued to use the trade name "National Lumber Company."

The defendant is a Massachusetts corporation that began operating in 1934. Although defendant does not maintain a retail facility in Rhode Island, it has sold materials to builders in this state for more than thirty years. On March 6, 1997, defendant attempted to file a statement designating a fictitious business name with the Rhode Island Secretary of State's office, seeking to conduct business here as "National Lumber Company." But the Secretary of State's office informed defendant that "National Lumber Company" was too similar to plaintiff's trade name. Instead, the Secretary of State's office approved defendant's use of the fictitious business name "National Lumber Company of Massachusetts."

Thereafter, plaintiff filed this action seeking injunctive relief to prevent defendant from using that name. The plaintiff alleged that defendant's use of the name "National Lumber Company of Massachusetts" created confusion and caused irreparable harm to plaintiff's business because it was deceptively similar to its own trade name of "National Lumber Company." The Superior Court granted plaintiff a temporary restraining order, enjoining defendant from using either of the above-referenced names, and eventually issued a preliminary injunction to that effect.

After a bench trial, the trial justice found that defendant's use of the fictitious business name " 'National Lumber Company of Massachusetts' was deceptively similar to the [plaintiff's] name 'National Lumber Company * * *.' " The court permanently enjoined defendant from using either of these names while doing busi-

---

1. The Superior Court "excused" the other named defendant, former Secretary of State James R. Langevin, ruling that he did "not

have to appear" at trial. Thus, he is not a party to the present appeal.

ness in Rhode Island. The trial justice also noted that, even though plaintiff failed to renew its fictitious trade name with the Secretary of State (as state law formerly required), the common law still granted plaintiff the right to use the trade name. He found that, because plaintiff was first in time to use the trade name "National Lumber Company" and first in time to register the name in this state, it possessed the exclusive right to use that name in Rhode Island because of its continuous use thereafter in this jurisdiction. The court also ruled that the trade names of the companies were so similar that "[a] great likelihood of confusion between the two companies still exists."

On appeal, defendant argues that plaintiff did not have a protectable interest in the name "National Lumber Company" because the name is generic and not distinctive. Even if this trade name is not considered generic, defendant argues, plaintiff failed to demonstrate that the trade name acquired a secondary meaning identifiable to plaintiff. Nothing in evidence, defendant contends, demonstrated that the purchasing public generally associated plaintiff's name with lumber products. The defendant notes that plaintiff is not an exclusive manufacturer but simply a vendor of generic lumber products. The defendant also insists that the trial justice committed clear error in finding the two names deceptively similar. The defendant points to the fact that plaintiff was unable to identify one person who was actually confused by the two names.

 In response, plaintiff contends that defendant waived any appellate issues based on an alleged manifest error of law

by failing to move for a new trial. The defendant, plaintiff argues, waived its contention that the trial justice did not use the correct standard for finding an infringement of a fictitious business name because defendant failed to file a motion for a new trial.[2]

The plaintiff further submits that the trial justice ruled, in essence, that a secondary meaning had attached to plaintiff's trade name and that customers relied on its name in purchasing the products it sold. Also, plaintiff contends that it did not have to prove actual confusion by potential customers; it was enough that the evidence showed that defendant's name created the likelihood of such confusion. In addition, plaintiff posits that it was entitled to injunctive relief because it was first to register and use the fictitious "National Lumber" trade name in this state. Finally, plaintiff contends that defendant's reliance on federal cases and federal law is misplaced.

### Analysis

 Under G.L.1956 § 7-1.1-7.1(f):

"No corporation may be permitted to transact business under a fictitious business name pursuant to this section which is the same as or deceptively similar to the name of any domestic corporation, any domestic limited partnership or any domestic limited liability company existing under the laws of this state, or the name of any foreign corporation, foreign limited partnership or foreign limited liability company authorized to transact business in the state, or any corporate name filed, reserved or registered under this title."

---

**2.** We disagree, however, because the parties raised the issue of the appropriate legal standard for finding unfair competition in their post-trial memoranda that they submitted to the trial justice. As a result, we hold, defen-

dant has not waived this issue. *See Rhode Island Depositors Economic Protection Corp. v. Rignanese,* 714 A.2d 1190, 1196–97 (R.I. 1998).

A trade name is a name that "is distinctive of a person's business or other enterprise and that is used in a manner that identifies that business or enterprise and distinguishes it from the businesses or enterprises of others." Restatement (Third) *Unfair Competition* § 12 (1995). It may be "inherently distinctive" or it may acquire a distinctiveness as a "secondary meaning" if prospective purchasers have come to identify the business with the trade name. *Id.* at § 13. Trade names that generally are descriptive of goods or geographic locales are not usually inherently distinctive. *Id.* at § 14.

■ This Court has undertaken a similar analysis as the Restatement in unfair competition cases. Unfair competition occurs when "the device or means employed would be likely to confuse and mislead the public generally to purchase the product or patronize the shop of one person when the actual intention was to purchase the product or patronize the shop of another." *Merlino v. Schmetz*, 66 R.I. 425, 428, 20 A.2d 266, 267 (1941). The Court has also approved of the concept of "secondary meaning" with regard to unfair competition cases. *See Charles J. Donnelly, Inc. v. Donnelly Bros., Inc.*, 96 R.I. 255, 261, 191 A.2d 143, 146 (1963); *Bostitch, Inc. v. King Fastener Co.*, 87 R.I. 274, 285, 140 A.2d 274, 280 (1958). In *Donnelly Bros., Inc.*, the Court stated:

"Every man has in common the right to use a descriptive term in the advertising of his services or goods, unless another offering the same services or marketing the same product has, by prior and continuous use thereof, given to a particular descriptive term a secondary meaning which in the public mind identifies the user with the particular services or goods." *Donnelly Bros., Inc.*, 96 R.I. at 261, 191 A.2d at 146.

■ Whether the evidence has established that the potential customer base identifies the producer or his goods with the trade name in question is necessarily a matter of proof, but a party may make such a showing by inference. *Id.* at 263, 191 A.2d at 147. In this case, we are of the opinion that the trial justice did not err in finding that defendant's use of the fictitious business name "National Lumber Company of Massachusetts" was deceptively similar to plaintiff's trade name "National Lumber Company." Even though the words "National" and "Lumber" are merely descriptive, and not inherently distinctive, plaintiff offered competent evidence to indicate that its trade name had acquired a secondary meaning. The evidence showed that plaintiff had used the trade name since 1957, even though it did not register its name until 1974 and then again in 1979.[3] This use was continuous and the name appeared on publicly disseminated documents. Also, plaintiff has engaged in advertising under the name "National Lumber Company" for more than forty years. At the time of trial, plaintiff continued to advertise itself as "National Lumber Company" to the public. Without question, plaintiff used its name in Rhode Island before defendant, who appears to have entered the state to do business approximately thirty years ago. The plain-

---

**3.** Previously, the statute addressing trade names required a business to renew its fictitious business name every five years. Currently, however, G.L.1956 § 7–1.1–7.1 does not require a company using a fictitious business name to renew it periodically. Rather, the name continues in force unless the corporation is dissolved or files a statement of abandonment of the fictitious business name. *See* § 7–1.1–7.1(c). Moreover, even if plaintiff could not have maintained an action under § 7–1.1–7.1(c), it could still maintain a common-law action as outlined in the case of *Charles J. Donnelly, Inc. v. Donnelly Bros., Inc.*, 96 R.I. 255, 191 A.2d 143 (1963).

tiff's president testified without contradiction that its customers know it "by the name National Lumber" and that certain customers had, on occasion, confused plaintiff and defendant after the latter began doing business in Rhode Island.

■ "The findings of fact of a trial justice, sitting without a jury, will be given great weight and will not be disturbed on appeal unless such findings are clearly wrong or the trial justice misconceived or overlooked material evidence." *Lee v. Raymond,* 456 A.2d 1179, 1184 (R.I.1983); *see also Associated Builders & Contractors of Rhode Island, Inc. v. Department of Administration,* 787 A.2d 1179, 1184 (R.I.2002). We conclude that the trial justice was not clearly wrong in finding that defendant's fictitious business name interfered with plaintiff's exclusive use of its own trade name and was likely to cause confusion among existing and potential customers for lumber products in this jurisdiction.

■ In finding that defendant engaged in unfair competition, the trial justice permanently enjoined defendant from using the names "National Lumber Company" or "National Lumber Company of Massachusetts." We reaffirm that a showing of actual confusion is not necessary for a plaintiff to obtain injunctive relief in an unfair competition action. *Fund for Community Progress v. United Way of Southeastern New England,* 695 A.2d 517, 521–22 (R.I.1997); *Bostitch, Inc.,* 87 R.I. at 288, 140 A.2d at 282. The plaintiff need only prove that public confusion is likely to occur from the similar use of fictitious business or trade names. *Id.* Moreover, injunctive relief is an appropriate remedy in unfair-competition cases. *Bostitch, Inc.,* 87 R.I. at 289, 140 A.2d at 283. In addition, a plaintiff need not be able to prove monetary damages to be entitled to injunctive relief in an unfair-competition action. *Fund for Community Progress,* 695 A.2d

at 523. A party seeking injunctive relief "must demonstrate that it stands to suffer some irreparable harm that is presently threatened or imminent and for which no adequate legal remedy exists to restore that plaintiff to its rightful position." *Id.* at 521. "Irreparable injury must be either 'presently threatened' or 'imminent'; injuries that are prospective only and might never occur cannot form the basis of a permanent injunction." *Rhode Island Turnpike & Bridge Authority v. Cohen,* 433 A.2d 179, 182 (R.I.1981). A party seeking an injunction must also demonstrate likely success on the merits and show that the public-interest equities weigh in favor of the injunction. *Fund for Community Progress,* 695 A.2d at 521.

We are of the opinion that the trial justice appropriately granted permanent injunctive relief in this case. The plaintiff submitted evidence of both actual and likely confusion that would result from the defendant's use of a similar fictitious business name. The likelihood of confusion and the probable diversion of business away from the plaintiff as a result of the two companies using two similar business names showed that "irreparable harm" would result if the trial justice did not provide injunctive relief. *See id.* at 523. The public interest equities also weighed in favor of enjoining the defendant from using its fictitious business name to prevent confusion in the existing and potential customer base for the lumber products in question.

For these reasons, we conclude, the defendant lumbered up the wrong tree in pursuing this appeal. Consequently, we deny the defendant's appeal and affirm the Superior Court's judgment issuing a permanent injunction.