DECISION
Before this Court is the Rhode Island Division of Public Utilities and Carriers's ("Division") objection to the Court's order that the Division and the Rhode Island Public Towing Association, Inc. ("RIPTA") present a release to protect towers and drivers during this litigation. The Court afforded the parties an opportunity to be heard on July 14, 2011 and July 18, 2011. Jurisdiction is pursuant to G.L. 1956 § 8-2-13. *Page 2 
 I Facts and Travel
This matter arises from the Division's issuance of Order No. 20200 in December 2010. In October 2009, the Division became aware that certain Rhode Island police departments had expanded their "hold" and "release" policies for towing companies to include involuntary storage periods that exceeded the tariff prescribed minimum one-day storage period. The Division claimed that resulting storage fees could accrue in excess of the amount afforded to towers under the tariff and a large percentage of owners' equity in their vehicles. The Division subsequently issued Order No. 20200, which precluded towers from charging consumers storage fees in excess of the governing tariff and requisite amounts permitted by the Towing Storage Act, Title 39, ch. 12.1 after consumers make demand for the return of their vehicles and tender accrued fees due.
On January 20, 2011, the Court heard argument from the Division and Rhode Island Public Towing Association, Inc. ("RIPTA") regarding its motion to stay the enforcement of this order. The Court denied this request. Subsequently, on March 25, 2011, RIPTA filed another declaratory judgment seeking guidance regarding the scope of Order No. 20200. The Court consolidated the complaint as an administrative appeal with the previous two claims.
Additionally during that hearing, the Court directed RIPTA to prepare a release form for review by the Division and set the matter down for hearing. The Division objects to that ruling because, it argues, that release constitutes forbidden evidence outside of record into an administrative appeal. The Division further contends that the *Page 3 
implementation of the proposed release does not satisfy the requirements necessary for interim relief.
 II Analysis A Injunctive Relief
To obtain injunctive relief, a party "`must demonstrate that it stands to suffer some irreparable harm that is presently threatened or imminent and for which no adequate legal remedy exists to restore that plaintiff to its rightful position.'" Nye v. Brousseau,992 A.2d 1002, 1010 (R.I. 2010) (quoting NationalLumber Building Materials Co. v. Langevin,798 A.2d 429, 434 (R.I. 2002)). Moreover, "`[irreparable injury must be either presently threatened or imminent.'" Id. (quotingNational Lumber Building Materials Co., 798 A.2d at 434).
The Division contends that the proposed relief is inappropriate because it will harm the public interest. Specifically, it argues that individuals will be denied their statutory right to retrieve their vehicles. Moreover, the Division avers that a member of the public will lack the recourse against a tower who negligently damaged his or her vehicle in the course of a tow.
Following approximately two days of hearings on this issue, Counsel for the Town of Coventry presented this Court with the current invoice that the Division has required towers to use since 2005. This invoice provides an area for a driver and tow operator to leave remarks, as well as requiring signatures from the customer and the tow operator. During these hearings, this Court made clear that signatures, as well as *Page 4 
remarks, were essential for any receipt. Counsel for the state was misinformed that the current invoice contained neither. As the current invoice, in fact, contains all of the pertinent information to protect the public interest, it is unnecessary for this Court to order a duplicative release. This invoice will protect towers from any conflict with Order No. 20200 pending this litigation.
As this Court is not ordering the use of a release, it is unnecessary to address any arguments regarding the Administrative Appeals Act.
 B Conclusion
Accordingly, for the above reasons, this Court denies any interim relief. Counsel shall submit an appropriate order for entry. *Page 1